(33 Misc. Rep. 333.)

STRAUSS v. UNION CENT. LIFE INS. CO.

(Supreme Court, Special Term, Kings County. December, 1900.)

1. INSURANCE—ASSIGNMENT OF POLICY—FORFEITURE—NOTICE.

Laws 1897, c. 218, provides that a life insurance policy shall not be forfeited within a year after nonpayment of a premium when due, unless a prescribed notice shall have been given "to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation." A policy was assigned, and notice thereof given to the company. Subsequently the company gave a notice, in conformity with the statute, of the premium due, to the insured. *Held*, that the policy was not forfeited, since the notice should have been given to the assignee.

2. SAME—AGREEMENT OF FORFEITURE.

Under Laws 1897, c. 218, providing that a forfeiture can only take effect after a prescribed notice is given, a condition in an unpaid note, given for an insurance premium, that the policy should be null and void, without notice being given, on the failure to pay the note at maturity, is ineffective, since it can be given no greater force than a like condition in the policy.

Action by Jacob Strauss against the Union Central Life Insurance Company. Judgment for plaintiff.

This is a suit to reinstate a life insurance policy for $10,000 which the defendant company has declared forfeited. It was issued by the company through its general agent in the city of New York to Isaac Levy on August 15, 1893, and assigned by him to the plaintiff on September 16, 1893, by a written assignment absolute on its face. It appears in evidence, however, that the assignment was made to secure a debt of $7,000. The plaintiff gave notice of such assignment to such agent at the company's office in the city of New York, and at the same time gave to him a duplicate of such assignment to file with the company. In fact the said agent drew the said assignment and signed as a witness to its execution, and attached it to the policy, and made and kept the said duplicate, the plaintiff and the insured being present. The policy contains a provision that if it should be assigned a duplicate of the assignment "must be filed with the company." The home office of the company is in Cincinnati, Ohio. The policy was obtained of the said general agent at the company's office in the city of New York, and the premiums were paid there. The insured gave his address to the company as 580 Madison street, Brooklyn, N. Y., in his written application for the policy. He afterwards changed his residence to another street in Brooklyn, but gave no notice thereof to the company and it had no knowledge thereof. On July 10, 1899, the company addressed and mailed to the insured at the address so given by him a written notice that the annual premium of $606 would be due on the following August 15th, and that if not then paid the policy would become forfeited and void. The substance of the notice was as prescribed by section 92 of the insurance law. No notice was sent to the plaintiff. The company had his post-office address. It was in the assignment. On August 15th the company received from the plaintiff $100 in cash for such premium, and his note for $506 for the balance payable in three months. On November 17th the company received from the plaintiff $163.59 in cash on account of the said note, and a new note for the balance of $350 payable in three months. Each of the said notes contained a provision that the "said policy, including all conditions therein for surrender or continuance as a paid-up term policy, shall without notice to any party or parties interested therein be null and void on the failure to pay this note at maturity." This last note was not paid at maturity, and ten days later when the plaintiff offered payment it was refused on the ground that the policy was forfeited.

Raphael J. Moses, for plaintiff.
Gilbert E. Roe, for defendant.

GAYNOR, J. Formerly a life insurance policy became forfeited in accordance with its terms by a failure to pay the premium on the day it came due. A statute was passed prohibiting any life insurance company from forfeiting a policy unless a notice giving the amount of the premium, when it would be due and where it could be paid were mailed to the insured by the company at his last known post-office address not less than 30 nor more than 60 days before it became due. Laws 1876, c. 341. This was amended to the effect that such notice should be mailed to the insured, "or the assignee of the policy, if notice of the assignment has been given to the company"; and also requiring the notice to state that upon nonpayment the policy would be forfeited. Laws 1877, c. 321. This was substantially incorporated in section 92 of the insurance law passed in 1892; and in 1897 (chapter 218) this section was so amended as to prohibit that such a policy should "be forfeited, or lapsed, by reason of non-payment when due of any premium, interest or installment or any portion thereof required by the terms of the policy to be paid, within one year from the failure to pay such premium, interest or installment, unless a written or printed notice stating the amount of such premium, interest, installment, or portion thereof, due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known post office address in this state, postage paid, * * * at least fifteen and not more than forty five days prior to the day when the same is payable"; and it is further provided that the notice shall state that unless such payment shall be made "by or before the day it falls due the policy and all payments thereon will become forfeited and void except as to the right to a surrender value or paid up policy as in this chapter provided."

In this case a notice in conformity with the statute was given to the insured. But the plaintiff contends that that was insufficient; that notice should have been given to him as assignee of the policy. The statute is that the policy shall not be forfeited within a year after nonpayment unless the prescribed notice shall have been mailed "to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation." The first statute on the subject prescribed a notice to the insured only, as we have seen. What is the meaning of this addition, by amendment, "or the assignee of the policy"? Its object could only have been to protect the assignee. Still the statute is literally in the disjunctive or alternative, that there shall be no forfeiture within a year unless the notice be mailed "to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation." Does this require the notice to be given to both? No. Then does it give the company the option to give it to either? If so, there was no object in enacting the amendment. It plainly was not for the sake of the insurance companies that it was enacted; it could be of no use to them to have the requirement

to notify the insured changed to a requirement to notify at their option the insured "or" the assignee of the policy. The statute must according to an established rule of construction be construed with a view to its object, i. e., to require notice to be given to the person in interest for his protection, i. e., to the insured, unless he has assigned the policy, in which case the assignee is the person in interest; and it seems to me its words though loose are apt to express this meaning. If the assignment be absolute, the assignee is the only one in interest, and it would be folly to notify the insured; if it be only as security for a debt, the statute deems the assignee the one in interest who should be notified, and so requires. It does not put upon the companies the difficulty of ascertaining the character of the assignment, i. e., whether absolute or conditional, or of keeping track of and notifying both insured and assignee. If this be not the meaning of the amendment, then it was purposeless, and that cannot be taken to be true. Such notice is prescribed for the protection of the holder of the policy; and to say that it must be given to the insured, "or the assignee of the policy, if notice of the assignment has been given to the corporation," means to the insured unless he has assigned the policy, in which case it must be given to the assignee, if the company has been given notice of his ownership. To notify the insured after he had assigned the policy would be no protection to the assignee; or, at all events, not the protection contemplated by the statute; whereas notice to the assignee would in most cases be protection to both; the exception being when the policy is assigned to secure a loan or debt which does not exceed the forfeit or surrender value of the policy. As notice was not given to the plaintiff, the policy is not forfeited.

The condition in the unpaid note given for part of the premium that the policy should "without notice to any party or parties interested therein be null and void on the failure to pay this note on maturity," was ineffective. It has to be coupled with the like condition in the policy itself, that the policy shall be null and void on failure to pay any premium or note given therefor on the day it comes due, and can be given no greater force. The statute limits the operation of such agreements of forfeiture so that they can only take effect after the prescribed notice of forfeiture. It is prohibitive and cannot be evaded. Society v. Clements, 140 U. S. 226, 11 Sup. Ct. 822, 35 L. Ed. 497.

Judgment for the plaintiff.