THOMAS LEWIS

*v.*

J. BOYD HEADLEY.

1. CONTRACTS — *by what law governed.* As a general rule, the law of the place where a contract is made, must govern its terms and conditions. But if it is to be performed at a different place, under a different jurisdiction from that where it was entered into, the law of the place of its performance will govern.

2. It is a legal presumption that a contract is to be performed where it is made, unless a different place is specified.

3. Notwithstanding an agreement was made in a different State to deposit bank bills, prohibited to circulate in this State by our laws, in a bank in this State, for circulation; and the bills are sent to the bank, and the certificates of deposit are given and dated at the place of deposit, and no other place being named for the purpose, they are payable at the place of their date. In such a case, the depositor living out of the State, will be held to have contracted with a view to our laws.

4. LAW — *ignorance of, no excuse.* Nor will the foreign depositor be permit-

ted to say that he was ignorant of our laws; and it is error for the court to instruct the jury that such depositor must have notice of our law before he is rendered amenable to its provisions.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. CHARLES EMERSON, Judge, presiding.

This was an action of assumpsit, brought by defendant in error, against plaintiff in error, on two promissory notes. One was for two thousand and the other for eight thousand dollars, both payable to defendant in error, one day after date; the former with six and the latter with one per cent. interest. They both bear date the 13th of March, 1861, at Decatur, Illinois. The defense relied upon is, that the consideration of the notes sued upon was bills of the Morris County Bank, in New Jersey, of a smaller denomination than five dollars, and designed to be circulated in this State, in violation of law. It appears that the notes were given as collateral security for deposits made by the Morris County Bank, of its circulating notes, in the Railroad Bank, at Decatur. The latter bank, it appears, had failed, and made an assignment of its assets for the benefit of its creditors, at the time the notes were executed.

The aggregate amount of deposits made by the Morris County Bank was fifteen thousand dollars, and were made in the months of February and August, 1859. Of that sum, five thousand dollars was in five dollar bills, and the remaining ten thousand dollars was in bills of smaller denominations, consisting of ones, twos and threes, all issued by the Morris County Bank. It appears that the contract to deposit this money in the Railroad Bank was entered into in New Jersey, and that it was sent to Decatur by the Morris County Bank, by express, to the officers of the Railroad Bank. After it was received, the latter bank paid it out, and received it in the course of their business, until it ceased to circulate in this State.

On the trial below, the court, at the request of plaintiff, gave the jury a number of instructions, and modified defendant's first instruction before it was given, which appears from the opinion of the court.

The jury, after hearing the evidence and being instructed by the court, found the issues for the plaintiff, and assessed his damages at the sum of $12,025.   Defendant entered motions for a new trial and in arrest of judgment, which were over-ruled, and the court rendered a judgment on the verdict, to reverse which defendant brings the case to this court, and assigns for error, amongst others, that the court erred in giving to the jury the first and second instructions asked by plaintiff, and in refusing to give defendant's second and third instructions, and in modifying defendant's first instruction.

Messrs. NELSON & ROBY, and GALLAGHER & LAKE, for the Plaintiff in Error.

Messrs. MOORE & GREENE, for the Defendant in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

On the trial below, the court, on behalf of the plaintiff, in-structed the jury that if they believed, from the evidence, that the indebtedness accrued from the Railroad Bank to the Mor-ris County Bank, for its notes of a less denomination than five dollars, unless they further believed that the Morris County Bank was aware that it was a violation of the laws of the State of Illinois to circulate therein bills of that character, they should find for the plaintiff.   Also, that if they believed, from the evidence, that the notes sued upon were given by plaintiff in error to secure a balance due from the Railroad Bank to the Morris County Bank, and he was, at the time, a principal share-holder in the former bank, then the consideration was sufficient.

These instructions were excepted to at the time they were given, and the errors assigned question their accuracy.   The doctrine seems to be settled that, as a general rule, the law of the place where a contract is made, must govern the perform-ance of its terms and conditions.   But when it is to be per-formed at a different place and under a different jurisdiction from that where it was entered into, then the law of the place

of performance must govern. And not only so, but the parties to the agreement are presumed to be informed in regard to the law of the place where performance is to be made, and to contract with a view to that law, unless it is otherwise expressed in the contract. And this is a legal presumption that cannot be rebutted. It is also a legal presumption that a contract is to be performed where it is made, unless it specifies a different place for the performance. Notwithstanding the arrangement was made in New Jersey, that the bills of the Morris County Bank should be deposited in the Railroad Bank, yet the bills were sent to Illinois by the former, and the certificates of deposit bear date at Decatur, and no other place being named, they were payable at that place. And the notes are also dated at Decatur, and are payable by operation of law at the same place. ' It then follows, that as these bills were sent to Illinois and deposited, and the notes and certificates of deposit were made in this State, and payable here, the laws of our State must govern, and the Morris County Bank and its agents must be held to have contracted with reference to these laws.

The certificates were payable at the Railroad Bank on their return. And as the agents of the Morris County Bank have made the contract to be governed by the laws of Illinois, they will not be heard to say that they were ignorant of these laws. The court therefore erred in instructing the jury, that the evidence should show that they had knowledge of the law prohibiting the circulation of such notes, and that contracts of which they formed the consideration are prohibited. It was equally an error to amend the first instruction of plaintiff in error so as to assert the same rule, which we have seen is obnoxious to the objection that the Morris County Bank should have had actual notice that the law prohibited the transaction. Although this is an ungracious defense, and is entitled only to such consideration as courts are compelled to give under the positive requirements of the law, still the instructions did not state the law correctly, and they for that reason may have misled the jury, in finding their verdict, and we must, therefore, hold them to be

erroneous. When such instructions have been given we are compelled to reverse, and send the case to another jury.

For these reasons the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*