W. D. MUNHALL ET AL.

v.

MARGARET DALY.

*Life Insurance—Mutual Benefit Association—Certificate—Beneficiaries —Designation by Will.*

1. The heirs of a deceased member of a mutual benefit society, the endowment law of the order providing that a certificate shall be issued securing to any member or members of his family, or dependents, designated by him, a certain sum, can not recover the same, the beneficiary named therein having died before the assured, who sought to make a new designation, such certificate or fund forming no part of his estate.

2. In a controversy involving the question whether designation of beneficiary by will was within the conditions of a mutual benefit society, this court holds that the heirs at law had no standing in court as to the disposition of the fund in question, and that in view of the willingness of the society to pay the amount involved to the beneficiary so named, the decree in her favor can not be disturbed.

[Opinion filed February 10, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. W. D. MUNHALL, for appellants.

Mr. THOMAS McENERNY, for appellee.

MORAN, P. J. Appellants bring here for review of the

decree of the Circuit Court, a bill of interpleader, in which appellants and appellee were the contending claimants of the proceeds of a certain benefit certificate issued by The Illinois Catholic Order of Foresters.

One Michael J. Horgan, who was a Catholic priest, was a member of said Order of Foresters in good standing at the time of his death, which occurred September 7, 1889. A benefit certificate had been issued to him for the sum of $1,000, which, when issued, was made payable to his mother, Catherine Corcoran. She died July 18, 1887, and no change was made in the certificate, it remaining as it was originally written. Said Rev. Horgan, deceased, was in his lifetime the priest in charge of St. Agnes church and parish, Brighton Park, and for several years prior to his death, appellee was in his service as housekeeper, and he became indebted to her in some $579, and to her sister for $150, for borrowed money, which money was expended by him for the benefit of his parish.

On May 2, 1889, he made a will, which was duly probated after his death, and in which he recited that he was the holder of a policy in the Illinois Catholic Foresters, drawn in favor of his mother " who is now dead " and directed that said policy should be paid to Margaret Daly, the appellee, after his death, the said Margaret Daly to release his successor and the parish from all claims and pay to her sister the sum of $150 and interest thereon.

Appellee claims the fund under the provision of the will. Appellants claim it as the only heirs at law of said Catherine Corcoran and of said Michael Horgan, deceased.

The endowment law of the order provides that every member shall receive a certificate " securing to any member or members of his family, or dependents, designated by him, the sum of $1,000, payable after his death."

He *designated* his mother as a member of his family who was to have the fund, but he could at any time, by taking the proper steps, revoke such designation and name some other one of his family or dependents. While in case of his death during her life without having revoked the appointment, she

would be entitled to receive the benefit, yet because of his power during his life to revoke it and name another, she had only a mere expectancy, dependent on his will, and which terminated when she died, and did not pass to her heirs or representatives. Appellants therefore take nothing under the designation of their mother as beneficiary in the certificate.

Her death made the designation inoperative, and if the will was not effective to designate appellee as beneficiary, then it must follow that the order was not legally bound to pay any benefit at all, for the case stood as though no designation had ever been made. No one of his family or dependents who survived him being designated, the order could not tell whom to pay. Where no one has the legal right to compel payment, there can be no legal duty to pay. Masonic Mut. R. Ass'n v. McAuley, 2 Mackey, 70; Hillenberg v. Dist. No. 1 and C., 94 N. Y. 580; Bishop, Adm'x v. Grand Lodge, 43 Hun, 472; Eastman v. Provident Mutual Relief Ass'n, 62 N. H. 555.

Appellants contend the court below erred in decreeing the fund to be paid to appellee for the reasons, first, that designating of the beneficiary by will was not the proper or legal method; and, second, that appellee was not a member of the decedent's family within the sense of the term as used in the endowment law of the order, nor was she a dependent, and therefore she could not be named as a beneficiary.

We are not called on to decide this case on these points, and need not, therefore, enter upon a discussion of the meaning of the words "family" or "dependents." as used in the by-law, or determine whether appellee was a member of the family of deceased or a dependent upon him.

Appellants' right to the fund must depend on the strength of their title to it. The order has seen fit to bring the fund into the court, and is willing that it should be paid to either claimant. The court has decreed that it shall be paid to appellee. In order that appellants may be heard to question that disposition of the fund, they must show some right to it.

What is their title? They do not pretend that they have been designated in any manner whatever as the persons to

whom the fund should be paid. They are members of the family of the deceased, it is true, and were of the persons who might be designated by him as beneficiaries, but they weie never so designated. They can not take as the heirs of the deceased member, for the certificate or fund formed no part of his estate. He had no personal property interest in it that would pass to his heirs or representatives. Eastman v. Ass'n, *supra.*

It follows that appellants have no title to the fund, either legal or equitable, and consequently they are entirely without standing in court to object to any disposition that may be made of it. Hence, though we should agree with appellants' contention that appellee has no right to the fund, we could not therefore reverse the decree at appellants' request, for the reason that the disposition of a fund in which they have no interest does not concern them.

If appellee was in fact not well designated by the will as beneficiary of the fund, the only party who could raise that question under the facts of this case has not seen fit to urge it, but is willing to pay the money. Appellants can not make the question for lack of legal interest in the subject-matter.

The decree of the Circuit Court must therefore be affirmed.

*Decree affirmed.*