### MARY SEIDERS v. MERCHANTS LIFE ASSOCIATION OF THE UNITED STATES.

#### No. 843. Decided January 11, 1900.

**1. Contract—Corporation Created by Another State.**

Quaere: Whether the contract of a foreign corporation in this State is affected by the laws of the State of its creation? (P. 198.)

**2. Contract—Conflict of Laws.**

A contract providing for performance of the acts agreed upon in another State, is governed by the law of the place of performance. (Pp. 198, 199.)

**3. Same—Insurance—Place of Performance.**

A policy of life insurance which promised payment on fulfillment of its conditions, at the home office of the company, in Missouri, was governed, as to the effect of its conditions as to misrepresentations in the application, by the statute of that State, and therefore not avoided by the falsity of such statements where the matter misrepresented did not contribute to the event on which the policy became payable. (Pp. 198-200.)

**4. Same—Local Office and Agent.**

The fact that the laws of this State require an insurance company of another State to maintain in this a local office and agent on whom service may be had, as a condition of doing business, does not make its contract, where performable at its home office, governed by the laws of Texas. (P. 200.)

**5. Foreign Law—Proof—Construction.**

While the construction placed on statutes of another State by its courts will usually be followed by ours, their opinions are not evidence of the existence of the statutes which they construe. (P. 200.)

**6. Insurance—Construction of Contract—Forfeiture.**

Insurance contracts will be construed most strongly against the company, and so as to prevent forfeitures of the rights of the insured if consistent with the terms of the policy. (Pp. 200, 201.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

Mrs. Seiders sued the insurance company and the latter had judgment in the trial court canceling the policy sued on upon return of the premium paid. Plaintiff appealed, and on affirmance of the judgment obtained a writ of error.

*Z. T. Fulmore,* for plaintiff in error.—The court erred in holding, as a matter of law, that the Missouri statute does not control the terms of the contract sued upon in this case, the defendant being a Missouri corporation, incorporated under the laws of that State and doing business as a Missouri corporation in Texas. The laws of the State in which an insurance company is chartered apply to its contracts made outside the State where chartered, and the laws of Missouri apply to this contract. Insurance Co. v. Fields, 26 S. W. Rep., 280; Rue v. Railway, 74 Texas, 474; Fowler v. Bell, 35 S. W. Rep., 822; Matthews v. Skinner, 62 Mo., 331; Black v. Canal Co., 22 N. J. Eq., 422; 2 Beach on Corp., sec. 742; Fletcher v. Insurance Co., 4 McCrary, 440; 13 Fed. Rep., 526.

The misrepresentations upon which the appellee relied to defeat the plaintiff's cause of action were immaterial, having in no manner contributed to the death of Seiders, and therefore not a valid basis of defense.

The statute of Missouri in force when this policy was issued, provided as follows: "No defense based upon misrepresentations made in obtaining or securing a policy of insurance on the life or lives of any person or persons, shall be deemed material or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due or payable, and whether it so contributed in any case shall be a question for the jury." Rev. Stats., Mo., sec. 596. The court erred in holding that the contract sued on in this case, although by its terms the premiums were payable at the home office in Missouri, loss was to be paid at the home office in Missouri, and the policy was issued, signed, and sealed in Missouri, was a Texas contract. The application of P. W. Seiders, for insurance, having been accepted in St. Louis, Mo., the loss and premiums being payable at the home office in Missouri, and the policy issued in Missouri, the law of Missouri should prevail in the

construction· of the policy, it being a Missouri contract. Richards on Ins., sec. 44; Shattuck v. Insurance Co., 4 Cliff., C. C., 598; Whitcomb v. Insurance Co., 8 Repr., 642; Smith v. Insurance Co., 5 Fed. Rep., 582; Desmazes v. Insurance Co., 7 Ins. L. J., 926.

*Fiset & Miller*, for defendant in error.—It is well established that the statements and answers found by the trial court to have been false avoided the contract unless the Missouri statute is applicable. Fitzmaurice v. Insurance Co., 84 Texas, 61; Insurance Co. v. Hazlewood, 75 Texas, 338; Insurance Co. v. Fletcher, 117 U. S., 530.

The statute of Missouri was passed in pursuance of a local policy of the State for the protection of its own citizens, and there is no reason for supposing the Missouri Legislature intended it should apply outside of that State; the true rule of comity therefore does not require the courts of other States to give effect to that statute in regard to acts and matters occurring outside of the State of Missouri. Taylor on Corp., sec. 391; Insurance Co. v. Insurance Co., 11 Humph. (Tenn.), 1; American Bible Society v. Marshall, 15 Ohio St., 537; White v. Howard, 38 Conn., 342; Healy v. Reed, 153 Mass., 197; Thompson v. Swoope, 24 Pa. St., 480.

The presumed intention of the parties to a contract as to what law should be applicable must govern. The contract was made in Texas, and if broken was expected to be enforced there. The transaction was therefore intended to be governed by the general laws of Texas. This is particularly evident when it is considered that the parties can not be presumed to have contemplated a law which would defeat their engagements. Assurance Soc. v. Clements, 140 U. S., 226; Cravens v. Insurance Co., 50 S. W. Rep., 522; Pomeroy v. Insurance Co., 40 Ill., 398; Cromwell v. Insurance Co., 33 Am. Rep., 258; Addler v. Stoffel, 46 N. W. Rep., 891; Pace v. Pace, 19 Fla., 438; Insurance Co. v. Webb, 54 Ala., 698; Fletcher v. Insurance Co., 13 Fed. Rep., 526; Pritchard v. Norton, 106 U. S., 140; Scudder v. Bank, 91 U. S., 411; Ryan v. Railway, 65 Texas, 13; Liverpool Co. v. Insurance Co., 129 U. S., 397; Ruse v. Railway, 23 N. Y., 516; Insurance Co. v. Warwick, 20 Grat., 614; Cantu v. Bennett, 39 Texas, 304.

BROWN, Associate Justice.—The plaintiff sued the defendant upon a policy of life insurance upon the life of her husband, ·P. W. Seiders, for the sum of $3000. The defendant pleaded, among other things, that the deceased, in his application for insurance, represented and warranted that he had never made application for insurance to any other company which had been rejected, and that the said representations were false in fact. The plaintiff replied, setting up the law of the State of Missouri hereafter copied in the statement of the case. The trial was had before the district judge, who filed conclusions of fact, of which we make the following condensed statement: The defendant was incorporated under the laws of the State of Missouri, and

has its principal office in the city of St. Louis in that State. On the 28th day of September, 1897, it was doing business in the county of Travis and State of Texas through its resident agent, W. A. Elder, who was authorized agent and district manager for the corporation. On that day, P. W. Seiders, who was the husband of the plaintiff and resided in Travis County, made application to the company through Elder, its agent, for a policy of insurance on his life in the sum of $3000. Seiders was examined by the defendant's medical examiner.

The application was signed by Seiders and delivered to Elder in Travis County, to be forwarded to the defendant's home office in St. Louis. The application contained the following questions and answers:

"16. Did any life insurance organization ever reject your application? Ans.—Yes. Postpone? Ans.—No. Change plan? Ans.—No. Or reduce amount applied for? Ans.—No. If so, give name of each and when. Ans.—Provident, $1000, July, 1897.

"19. Was any policy ever issued upon your life which was afterwards canceled by company, or association, which issued it? Ans.—No.

"45. Do you use ardent spirits, wine or malt liquor? Ans.—Yes.

"46. If so, what kind and largest quantity in any day? Ans.—One glass beer and not regularly. Sometimes two months without any."

The application also contained a clause by which the insured agreed that if he had made any false or fraudulent statements in his application, or should use alcoholic or malt liquors in excess of the "present use," as stated, the association should be released from the insurance and liable only to an amount equal to the actual reserve on the said policy. Upon the receipt of the application at the home office in St. Louis, the defendant, on the 2d of October, 1897, duly executed under its seal a policy which contained these provisions: "The Merchants Life Association of the United States, * * *, in consideration of the first annual premium of $64.05, the written and printed application for this policy and the payment of all premiums as stated in the insurance plan indorsed hereon, which application and plan are hereby made a part of this contract, does promise to pay to Mary Seiders, wife of the insured, at the office of the association in the city of St. Louis, State of Missouri, $3000, within thirty days after receipt and approval by it of satisfactory proofs of the death of Pinkney W. Seiders, Austin, Texas." The policy being executed by the defendant company, was mailed by it in St. Louis to W. A. Elder, its agent in Austin, Texas, and by him delivered to Pinkney W. Seiders, in Travis County, Texas, October 4, 1897, when Seiders paid Elder $16.02 in cash and executed three promissory notes, each dated St. Louis, Mo., October 1, 1897, for the sum of $16.01 each, payable to defendant company, or order, at its home office in St. Louis, in three, six, and nine months respectively from date. The cash payment and the notes constituted the first annual premium, amounting to $64.05. The cash and the notes were forwarded by Elder to the defendant at its home office. The first and

second of the notes were paid by Seiders to Elder in Travis County, Texas, as they fell due.

Pinkney W. Seiders died April 11, 1898, and proofs of his death were duly forwarded to the defendant on May 1, 1898, and payment of the policy demanded, which was refused and suit brought.

Before signing the application for this policy, Seiders had applied to the New York Life Insurance Company for a policy of insurance and also to the Provident Life Insurance Company, and in each case his application had been rejected. His answers to the questions upon this point were untrue. Before signing the application, Seiders had procured a policy from the Mutual Life Insurance Company of New York, which was afterwards canceled. After the execution and delivery of the said policy sued upon, Seiders did use alcoholic and malt liquors in excess of the amount stated in his application.

The following is an extract of the statute of the State of Missouri in force when this contract was executed and at the time of the death of Seiders: "No defense based upon misrepresentations made in obtaining or securing a policy of insurance on the life or lives of any person or persons shall be deemed material or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due or payable, and whether it so contributed in any case shall be a question for the jury." None of the facts misrepresented in the application contributed to the death of Pinkney W. Seiders.

The trial court found that $300 was a reasonable fee for the services of plaintiff's attorney in bringing this suit; that the annual premium amounted to $64.05, of which sum $48.04 and $1 interest has been paid in cash and a note for $16.01, which cash payment and note were tendered into court by the defendant. The trial judge entered judgment against the plaintiff which was affirmed by the Court of Civil Appeals.

The question in this case is, does the law of the State of Missouri apply to this contract? If it does, the plaintiff was entitled to recover and the judgment must be reversed; if it does not, then the judgment must be affirmed.

The defendant in error insists that the contract of insurance was made in Texas and must be governed by the laws of this State. The plaintiff in error contends, (1) that the life association, being a corporation created by the laws of the State of Missouri, its contract, though made in Texas, must be construed by the statute of the State of Missouri, which was pleaded and proved; (2) that the contract is to be performed by the defendant in error in the State of Missouri and must be interpreted by the laws of that State.

We are not inclined to hold that a corporation, created by the laws of another State, brings with it into this State the general statute laws of the State of its creation, but, in view of our conclusion upon another point, it is not necessary to decide the question. Conceding that the

contract of insurance was made in Texas, it is made payable at the home office in the State of Missouri, and all premiums are likewise made payable there. It does not provide for any act to be done elsewhere by the company. A tender of the money at the home office would have been valid. Unless there be something in the circumstances which indicate that the parties contracted with reference to the laws of Texas, the legal effect of the contract must be determined according to the laws of the State of Missouri. Story, Con. Laws, sec. 280, note a; Andrews v. Pond, 13 Pet., 65; Railway v. Ashland Bank, 12 Wall., 226; Lewis v. Headley, 36 Ill., 433; Bank v. Hall, 150 Pa. St., 466; Ryan v. Railway, 65 Texas, 13.

The case of Junction Railroad Co. v. Ashland Bank involved a question very similar to this. The railroad company issued its bonds in the State of Indiana, payable in the State of New York, bearing 10 per cent interest, and sold and delivered them in the State of Ohio. The rate of interest in the State of New York was less than 10 per cent, and it was claimed by the railroad company that the bonds, being payable in New York, were usurious and therefore void under the laws of that State; but the Supreme Court of the United States, in the case cited, held that the law of New York, the place of performance, governed, and that by the law of that State a corporation could not plead usury, and therefore the bonds were not invalid on that account.

Waverly National Bank v. Hall, cited above, involved the construction of a written contract made between parties in the State of Pennsylvania, whereby certain individuals agreed to furnish to another a certain amount of money with which to carry on a business in the State of New York, the profits of the business to be divided among them. The person to whom the money was to be furnished, in the course of the business provided for, contracted a debt in his individual name and suit was brought in the State of Pennsylvania to enforce it against all of the parties to the written agreement, as partners. The Supreme Court of Pennsylvania said: "If this were a Pennsylvania contract, the question would be answered in the negative by the Act of April 6, 1870. But, although made in this State, it was to be executed in the State of New York. Such cases are stated by approved text-writers to be an exception to the general rule that the lex loci applies in respect to the nature, obligation, and construction of contracts. That exception is thus stated by Judge Story: 'But where the contract is either expressly or tacitly to be performed in any other place, the general rule is in conformity to the presumed intention of the parties that the contract, as to its validity, nature, obligation, and interpretation, is to be governed by the laws of the place of performance.' Chancellor Kent, after stating the exception in substantially the same terms, adds that it is more embarrassed than any other branch of the subject (the lex loci) by distinctions and jarring decisions. But, whatever conflict of authority there may be in respect to the exception, all agree that mat-

ters connected with the performance of a contract are regulated by the law prevailing at the place of performance."

Under the rule so clearly stated in these two cases, the interpretation of this contract, that is, the effect to be given to the warranties of Seiders, is to be determined by the laws of the State of Missouri.

Counsel for the defendant in error claim that because the law of this State requires that the defendant corporation should, as a condition precedent to doing business here, establish an office and appoint an agent upon whom service of process could be had, this contract is to be performed in the State of Texas. The effect of the law upon this subject is simply to provide that in case the insurance company shall fail to perform its contract by paying the insurance, the insured, who lives in Texas, may maintain an action here for its enforcement, but this does not change the contract, nor provide that the performance shall be by the company in this State. Performance is the doing of that which the contract enjoins, not the enforcement of it by law. The provision of our statutes simply puts a foreign corporation doing business in this State upon the same footing as an individual citizen of another State would be, under like circumstances, that is, if found here, the individual might be sued and process served upon him, but the corporation could not be, except under such provisions as our statutes contain, because there would be within this State no officer upon whom process could be served so as to make the judgment binding upon it.

Counsel assert that the statute of Missouri, as proved, does not apply to the policy sued upon because the insurer is an assessment association. The court did not find it to be such, and we can not say from the record that it belongs to that class; besides, the terms of the law proved are broad enough to embrace such policies, and the provision of the statute under which the exemption is claimed has not been proved. While this court would usually follow the construction placed by the Supreme Court of a sister State upon a statute proved to exist there, its existence can not be proved by producing the opinion which construes it.

It is suggested in the argument, that, under the laws of this State, provision is made for a deposit to secure the payment of such policies; but the statute upon that subject does not apply to corporations created by the laws of any State of the United States, but those organized under the laws of foreign countries, except where the laws of the State under which the corporation seeking to do business in Texas is created require a like corporation created under the laws of our State to make a deposit of securities, in which case, our statute requires the same of the corporations of that State. Rev. Stats., art. 3066.

It is a well established rule of construction applied to this character of contracts that courts will construe them so as to prevent a forefeiture of the rights of the insured, if it can be done consistently with the terms of the policy and the law, and in case of doubt, the contract will be

construed most strongly against the insurance company. Under this rule, the court would, if there were doubt upon the subject, presume that the contract was made with reference to the laws of the State of Missouri, by which the rights of the insured would be protected. The terms of the policy which are invoked to prevent a recovery are harsh, demanding "the pound of flesh," because of mispresentations which caused no injury and are not entitled to enforcement except in obedience to the mandate of the law. Under the statute of the State of Missouri, the representation made by P. W. Seiders, although false, did not have the effect to avoid the policy, because the matter misrepresented did not contribute to his death, and the District Court erred in not entering judgment for plaintiff.

This court proceeding to enter such judgment upon the findings of fact filed by the judge of the trial court as that court should have rendered, it is ordered that Mary Seiders recover of the Merchants Life Association of the United States the sum of $3000, with 6 per cent interest from June 1, 1898; also the sum of $300, reasonable attorney's fees, with 6 per cent interest from this date, and all costs.

*Reversed and rendered for plaintiff in error.*