ANN WEATHERBEE *vs.* NEW YORK LIFE INSURANCE COMPANY.

WILLIAM W. FORBES *vs.* SAME.

Suffolk.    November 17, 1902. — November 26, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Insurance, Life. Interpleader. Estoppel.*

A married woman took out an insurance policy upon the life of her husband which contained the provision " that if, after the receipt by this company of not less than two or more annual premiums, this policy should cease in consequence of the non-payment of premiums then, upon a surrender of the same, the company will issue a new policy for the full value acquired under the old one " and provided for the proportion of the face value which should constitute the surrender value to be represented by the new paid up policy. After the woman who took out this policy had paid premiums on it for more than two years, she gave it to her husband for safe keeping. He without her consent or knowledge surren-

dered the policy, and took in exchange a new policy payable to his legal representatives, which he assigned to another. The wife knew nothing of this policy until the death of the assured, when she brought an action on the first policy surrendered by her husband. *Held*, that she could not recover the face value of the policy, which had been forfeited for non-payment of premiums, but that under the terms of the contract she was entitled to a paid up policy, representing the surrender value, which now would be payable.

One, before accepting as security an insurance policy on the life of another person, went to the insurance company to inquire and was told that the policy was valid and could be assigned. The company assented to the assignment, which was made, and money was advanced upon it by the assignee. The policy had been substituted without authority for one previously taken out by the wife of the assured. In an action by the assignee on the policy, the defendant moved that the widow be required to interplead under St. 1886, c. 281. The trial judge denied this motion and found for the plaintiff *Held*, that this was not a case for interpleader, one liability not being an alternative of the other. Whether the substitution was invalid or not as to the widow did not matter as affecting the liability of the company to the assignee, as a finding was justified that the defendant as to him was estopped to deny the validity of the policy on which he advanced his money.

Two ACTIONS OF CONTRACT each upon a policy of insurance upon the life of Freeman F. Weatherbee, one by Ann Weatherbee upon a policy dated March 9, 1864, and payable to the plaintiff, widow of Freeman, and the other by William W. Forbes on a policy issued January 5, 1871, payable to the representatives of Freeman F. Weatherbee and assigned by him to one Brown who assigned it to the plaintiff. Writs dated respectively November 3, 1899, and April 12, 1898.

The action of Ann Weatherbee came up upon the same agreed facts that were before the court when the decision was given which is reported in 178 Mass. 575. In addition to the facts stated in that report, it is necessary only to state that the policy of March 9, 1864, contained the following provision:

"It being understood and agreed, that if, after the receipt by this company of not less than two or more annual premiums, this policy should cease in consequence of the non-payment of premiums then, upon a surrender of the same the company will issue a new policy for the full value acquired under the old one, subject to any notes that may have been received on account of premiums; that is to say: If payments for two years have been made, it will issue a policy for two tenths of the sum originally insured; if for three years, for three tenths; and in the same proportion for any number of payments, without subjecting the

assured to any subsequent charge, except the interest annually on all premium notes remaining unpaid on this policy."

The policy was issued to the plaintiff who after paying premiums on it for more than two years gave it to her husband for safe keeping. He without her consent or knowledge surrendered the policy and took in exchange a new policy payable to his legal representatives. This he assigned to one Brown who assigned it to William W. Forbes, the plaintiff in the other action.

In regard to the action by Forbes,* the material facts are stated by the court.

In the Superior Court *Gaskill*, J., sitting without a jury, found for the plaintiff in each case, in that of Ann Weatherbee in the sum of $2,648.50, and in that of Forbes in the sum of $3,780. The defendant alleged exceptions in both cases.

*W. A. Morse, I. R. Clark & J. R. Chandler*, for the defendant.

*J. E. Cotter, E. S. Fellows & J. P. Fagan*, for Ann Weatherbee.

*James Ballantyne & John Ballantyne, Jr.*, for Forbes.

HOLMES, C. J. The first of these cases is the same case and comes here on the same agreed facts as that reported in 178 Mass. 575. We do not understand on what ground the plaintiff undertakes to reargue what was decided when the case was here before, that she was not entitled to recover the face value of the policy. We pass that portion of the argument by, only remarking that there is nothing in the present case that makes of the new policy the same contract as the first, as matter of law. It did not purport to be so, and it has been decided by implication not to be. See further, *Miles* v. *Connecticut Ins. Co.* 147 U. S. 177. The only question before us is that which was left open on the former occasion for further consideration, because it had not been argued; whether the plaintiff is entitled to judgment for the surrender value allowed by the terms of the policy when, as in this case, premiums have been paid for more than two years. We see no answer to this claim. The right to a paid up policy is given in the very case of default in paying further premiums and a forfeiture of rights under the policy as it stands.

---

* For report of this case at a previous stage, see *Forbes* v. *New York Life Ins. Co.* 178 Mass. 139.

If the plaintiff had had what she had a right to, the paid up policy would be payable now. Therefore the measure of damages is the sum that would have been paid on such a policy if issued, and the judgment of the Superior Court was right. *Timayenis* v. *Union Ins. Co.* 21 Fed. Rep. 223. *National Ins. Co.* v. *Haley*, 78 Maine, 268, 273. There is no nice question of pleading before us. The case is submitted on agreed facts, and, although the pleadings are referred to, when the case went back the question remaining was perfectly understood.

The second case is a suit by an assignee of the second policy issued by the defendant after the supposed surrender of the first. Weatherbee, the husband, assigned the policy to one Brown as security for money lent on the faith of it, and Brown assigned it to Forbes, as security for money lent at the same time by Forbes to Brown. Before accepting the assignment and lending the money, Forbes went to the company to inquire and was told that the policy was valid and could be assigned. The advance exceeded the amount of the finding on the policy. At the trial the defendant moved that the other plaintiff Weatherbee be required to interplead, on a petition filed under St. 1886, c. 281. This was refused and the defendant excepted. The only question argued for the defendant is that raised by this exception, with the additional contention that if the substitution of the second policy for the first was invalid, then the plaintiff has no remedy in the present action, which is a suit on the policy. The latter question is open under an exception to a refusal to rule that on all the evidence the plaintiff could not recover.

This very plainly is not a case for interpleader. The liability of the company is not an alternative liability to one plaintiff or the other. Its liability to the plaintiff Weatherbee is fixed by what we have said. Its liability to Forbes, if it exists, is not by way of displacing to that extent the claim of Weatherbee, but in addition to it on what is as to Forbes an independent contract. It is familiar that such a case may be. *National Ins. Co.* v. *Pingrey*, 141 Mass. 411, 414. *United Order of the Golden Cross* v. *Merrick*, 163 Mass. 374, 375. There is an ambiguity in the premise of the latter proposition which we have quoted from the defendant. The substitution of the second policy for the first may be invalid as to Weatherbee and yet valid as to

Forbes. And that-is what it is. Or rather as to Forbes there is no question of substitution. He is shown a document appearing on its face to be an independent contract of value on which money can be advanced — a document contemplating the well known possibility of its being assigned as property by a proviso that a copy of the assignment shall be given to the company. To make sure, he asks the defendant if it is all right, and is told that it is. The defendant assents to the assignment. The plaintiff then advances his money in good faith. On these facts the judge has found for the plaintiff and we cannot say that he was wrong. There was at least some evidence for him to consider that the defendant had estopped itself from repudiating its contract as against Forbes, whatever might have been its rights when only the original parties were concerned. *Continental National Bank* v. *National Bank of the Commonwealth*, 50 N. Y. 575, 583. *Preston* v. *Mann*, 25 Conn. 118. *Pilcher* v. *New York Ins. Co.* 33 La. An. 322. We deal as usual only with the questions which have been argued.

*Judgment affirmed ; exceptions overruled.*