(165 App. Div. 362)

## SALVIN v. SALVIN et al. (No. 6601.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

INSURANCE (§ 585*)—RIGHT TO PROCEEDS—DESIGNATION OF BENEFICIARY.

Where an insurance policy provided for payment to "B., the wife of the insured," or in the event of her prior death to the executors or administrators of the insured, B. did not lose her rights as beneficiary by obtaining a divorce from the insured; the words "the wife of the insured" being merely descriptive, and not importing an implied condition that she should continue to be his wife up to the time of his death.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1461–1468; Dec. Dig. § 585.*]

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Otto Horwitz, of New York City, for appellant.
Percy L. Housel, of Riverhead, for respondent.

DOWLING, J. The complaint sets forth that the defendant Equitable Life Assurance Society of the United States, on the application of Sidney I. Salvin, and in consideration of the payment to it by him of the sum of $78.83, and of a like annual payment thereafter, assured the life of the said Salvin for the sum of $1,500 for a term of 20 years from the date of said policy, January 15, 1902, and promised to pay the said sum on the death of the said Sidney "to the person therein described as Bertha, the wife of the insured, to wit, the wife of the said Sidney I. Salvin, or, in the event of her prior death, to the executors, administrators, or assigns of the said Sidney I. Salvin"; that at the time of the issuance of the said policy Bertha Salvin was the wife of the said Sidney I. Salvin, but was not such at the time of his decease, having, on February 21, 1913, obtained a decree of divorce from him in the New York Supreme Court; that on June 10, 1914, Sidney I.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Salvin died without having made any last will and testament, and on June 18, 1914, letters of administration were duly issued upon his estate to the plaintiff; that due proofs of death have been filed with the company, and approved by it, and all the terms and conditions of the policy have been complied with, including the annual payments therein provided for. The complaint then proceeds to set forth that by reason of the foregoing there is due and owing by the defendant Equitable Life Assurance Society, to the plaintiff, the sum of $1,500, with interest thereon from June 20, 1914; that defendant Bertha Salvin claims to have some right, title, and interest in or to the said sum, and that the society refuses to pay the sum to the plaintiff for that reason.

The plaintiff's action is based upon the theory that the designation of the beneficiary as "Bertha, the wife of the insured," imports an implied condition that such beneficiary, to receive the proceeds of the policy, should continue to be his wife up to the time of his death, and that her prior divorce, even though granted in her favor and at her instigation, terminated her interest in the policy. We think this claim is untenable. The words "wife of the insured" were purely descriptive, and could not affect the rights of the beneficiary named therein, who was Bertha Salvin.

Overhiser, Administratrix, v. Overhiser et al., 63 Ohio St. 77, 57 N. E. 965, 50 L. R. A. 552, 81 Am. St. Rep. 612, expressly held that, where a married woman is named as beneficiary in an insurance policy on her husband's life, she is entitled to the proceeds notwithstanding a divorce obtained by her before his death. In that case a policy on the life of George P. Overhiser was payable to Lena Overhiser, "wife of George P. Overhiser, of Montrose, in the county of Montrose, state of Colorado, if living; if not living, to his executors, administrators, or assigns." At the time of the issuance of the policy Lena Overhiser was the wife of George F. Overhiser, but thereafter, and before the death of the insured, she had voluntarily instituted a suit for absolute divorce against him, and had succeeded therein, and was divorced from him a year before his death. The court said (63 Ohio St. 82, 57 N. E. 965, 50 L. R. A. 552, 81 Am. St. Rep. 612):

"Lena Overhiser was named in the policy as the beneficiary, and the words 'wife of George Overhiser' were descriptive only. The policy defines in express terms the only condition upon which it would be payable to the administrator of George P. Overhiser, viz., that Lena should not be living at the date of his death. It contains no terms indicating that her right to the fruits of the policy is conditioned upon her remaining his wife. The policy was executed to him, and the presumption is that it was upon his application. But, if the insurance was effected by her, she had at the time an insurable interest in his life, and the contract would not become void by the termination of the marital relation before his death. The conclusion of the courts below is in accordance with settled principles. Conn. Mutual Life Insurance Co. v. Schaefer, 94 U. S. 457 [24 L. Ed. 251]; Central Bank of Washington v. Hume, 128 U. S. 195 [9 Sup. Ct. 41, 32 L. Ed. 370]."

In Bachmann v. Supreme Lodge Knights and Ladies of Honor et al., 44 Ill. App. 188, the deceased had originally taken out a benefit certificate in a lodge of a fraternal order, payable to his daughter, which he afterwards surrendered, and had a new one issued to "his wife,

Cecelia Bachmann." The last named was then, and up to the time of his death, his affianced wife, but was never married to him. After his death the beneficiary named and the daughter both claimed payment of the amount of the certificate. The court said (page 192):

"The by-laws of the lodge provide that, should all the beneficiaries named die before the decease of a member, and no other or further disposition be made thereof, the benefit shall be paid to heirs of the deceased member, dependent upon him, and if no person or persons shall be entitled to receive such benefit it shall revert to the relief fund. The beneficiary named in this certificate is not dead. The condition under which the benefit was to become payable to the heirs of the member has never happened. Appellant, Elizabeth Bachmann, has no claim upon this fund. Munhall v. Daly, 37 Ill. App. 628. It must either be paid to Cecelia Welisek or revert to the relief fund. The lodge does not claim a reversion."

In Durian v. Central Verein, 7 Daly, 168, the deceased had been a member in his lifetime of the defendant society and was the husband of one Catherine Durian. During his wife's absence in Europe the husband lived with the plaintiff, the beneficiary named in his certificate, who adopted his name and passed as his lawful wife until the time of his death. The article in the constitution under which the names of the wives of the members were to be registered was complied with by the husband by directing that the name of the plaintiff, with whom he was living, should be registered as that of his wife. The court held that the amount of the certificate was payable, not to the lawful wife, but to the person whom he had designated and registered as his wife, and to whom he desired the money to be paid. It was said (page 173):

"The amended constitution, to which he assented, formed a new contract between him and the verein, under the terms of which he was at liberty to choose whom he pleased as appointee. He named Barbara, the plaintiff. It is objected that he falsely alleged her to be his wife, and that, though he named her as his wife, he did not designate her as the beneficiary. There was no set form of words which he was bound to employ. All that he was required to do was to select the person whom he wished to receive the money on his death, and communicate her name, that it might be entered on the registry. There can be no doubt as to his intent, and that that intent was effectuated. That the plaintiff was called wife by him ought not to be permitted to defeat her claim. The intent is to be regarded, and that intent is plain. It has been held that 'a woman, who was married to a man, but illegally, because he had a former wife living,' could recover in an action upon a policy of insurance in her favor. Equitable Life Assurance Society v. Paterson, 41 Ga. 338 [5 Am. Rep. 535]."

In Wait v. Wait, 4 N. Y. 107, Judge Harris said:

"Whether or not a woman, divorced from her husband, upon his subsequent death, is to be called his widow, may furnish a curious question in philology, but cannot, I think, be decisive of the plaintiff's rights. It is true, the Legislature, in declaring what estates are liable to dower, speak of the party entitled to dower as a widow. Possibly the term may not, in every instance, be the most appropriate, yet, as descriptive of the person intended, it is clearly sufficiently so."

There can be no doubt that the divorce obtained by Bertha Salvin did not and could not defeat her rights as beneficiary under the policy of insurance in her favor then subsisting. Olmsted v. Keyes, 85 N. Y. 593; Conn. Mutual Life Ins. Co. v. Schaefer, 94 U. S. 457, 24 L. Ed. 251.

The order, as resettled, will therefore be reversed, with $10 costs and disbursements, and the motion for judgment for defendant on the pleadings granted, with $10 costs. All concur.

(165 App. Div. 366)

### SALVIN v. SALVIN et al.  (No. 6602.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS. JJ.

