STATE OF OHIO, *ex rel.* FULTON, *v.* JAMES N. PURSE.

1. BILLS AND NOTES—CAPACITY OF PARTIES—CONFLICT OF LAWS.
    Question of capacity of parties to a note must be decided according to the law of the place of making or place of performance rather than the law of the domicile.

2. HUSBAND AND WIFE—CONFLICT OF LAWS—COVERTURE AS A DEFENSE IN OHIO.
    In action by resident of Ohio against husband and wife, residents of Michigan, on note made, delivered and to be per-

formed in Ohio, summary judgment for plaintiff *held,* proper, where defense set forth in affidavits was coverture on part of wife, which is no defense to a claim against a married woman in Ohio under similar circumstances.

3. SAME—FRAUD—BILLS AND NOTES.

Question of legal effect of misrepresentations claimed to have been made to married woman in order to obtain her signature to note made, delivered and to be performed in Ohio is to be governed by the law of that State since that State is both the place of contracting and place of performance.

4. SAME—MISREPRESENTATION OF LAW—CONFLICT OF LAWS.

Misrepresentation as to law of Ohio pertaining to contractual liability of married woman, made as an inducement for Michigan woman to make and deliver note in Ohio to be performed in that State, *held,* not a misrepresentation as to law of foreign State since legal effect of the misrepresentation would be determined by law of Ohio which is that a misrepresentation of law of that State as to contract made and to be performed therein is not fraud which will result in relieving deceived one from obligations of the contract.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 13, 1935. (Docket No. 48, Calendar No. 38,369.) Decided December 10, 1935.

Assumpsit by the State of Ohio, on the relation of I. J. Fulton, superintendent of banks, against James N. Purse and Maude E. Purse for balance due on a promissory note. Summary judgment for plaintiff. Defendant Maude E. Purse appeals. Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff.

*Clyde C. Sanders* and *Douglas, Barbour, Desenberg & Purdy,* for defendant.

BUTZEL, J. This action is brought by the plaintiff, superintendent of banks of the State of Ohio, to

recover from the defendants, husband and wife, the balance due upon a promissory note executed by the defendants and delivered to the Commerce Guardian Trust & Savings Bank of the city of Toledo, which is now in the hands of the plaintiff for the purpose of liquidation. After issue was joined, plaintiff moved for a summary judgment. The defendants filed affidavits denying the liability of the defendant wife, Maude E. Purse, upon the note. A judgment was entered against both defendants in the sum of $7,723, from which the wife has taken this appeal.

The defendants reside in the State of Michigan. The facts disclosed in the affidavits, which are not disputed, may be summarized as follows: Prior to February 14, 1923, the defendant James N. Purse was the vendee in a land contract for the purchase of certain lands in the State of Ohio. An arrangement was made between him and the officers of the Commerce Guardian Trust & Savings Bank in the city of Toledo whereby the bank was to advance the money for him to pay up the balance due on the land contract and take a mortgage thereon. He was told by the officer of the bank with whom he had been negotiating that it was necessary to have his wife's signature to the note and mortgage in order to bar any claim of dower which she might have in the property covered by the mortgage. On February 14, 1923, he and his wife went to the bank in Toledo, and Mrs. Purse there objected to signing any paper which would make her personally liable, but she was assured by the vice-president of the bank that the papers to be signed by her would only bar her right of dower, and she affixed her signature to the mortgage and the note for $30,000 in reliance thereon. It also appears that none of the moneys received for the note and mortgage was for the benefit of the separate estate of the wife, but that all of it was used

to pay the balance of the purchase price on the land contract.

This note was signed, delivered and payable in the State of Ohio. The question of the capacity of the parties must be decided in accordance with the "law of the place of making, 'or place of performance,' rather than the law of the domicile." *Palmer National Bank* v. *Van Doren,* 260 Mich. 310, 312. See, also, *In re Estate of Lucas,* 272 Mich. 1. In the instant case, both the place of contracting and of performance are in the State of Ohio where coverture is no defense to a claim against a married woman under similar circumstances. Ohio General Code, title 6, chap. 1, § 7999. Therefore, defendant Maude Purse is liable on this note unless she has some other defense. She claims that the representations made by the officials of the bank as to the effect of her signature were false, constituted fraud, and rendered her free from liability on her signature. The question of the legal effect of such misrepresentation again must be decided in accordance with Ohio law. The question of fraud is again governed by the law of the place of contracting or place of performance. The law of the place of contracting—see, *Great Southern Life Ins. Co.* v. *Burwell* (C. C. A.), 12 Fed. (2d) 244; *Hinkly* v. *Freick,* 86 N. J. Law, 281 (90 Atl. 1108, L. R. A. 1916B, 1041); *Elbro Knitting Mills* v. *Schwartz* (C. C. A.), 30 Fed. (2d) 10; American Law Institute, Restatement of the Law of Conflicts, § 332. The law of the place of performance—see, *Seiders* v. *Merchants Life Ass'n of U. S.,* 93 Tex. 194 (54 S. W. 753); *Fear* v. *Bartlett,* 81 Md. 435 (32 Atl. 322, 33 L. R. A. 721). See 2 Beale, Conflict of Laws, § 347.1. Again we need not decide which should apply since, in the instant case, both took place in the State of Ohio.

The rule in Ohio applicable is that a misrepresentation of law is not fraud and will not result in relieving the deceived one from the obligations of the contract. In *Ætna Ins. Co.* v. *Reed,* 33 Ohio St. 283, the court held that a false denial of liability by the insurer through its agent in procuring a release was not a fraud that would justify the insured from ignoring his release and bringing suit on the policy. The court said:

"The representations of Rice (the agent) to Reed (the insured) as to the law of the case was but an opinion as to his legal rights."

In that case, as in the instant one, the representation was one of nonliability. Defendant argues that even if this be a misrepresentation of law, it is a misrepresentation of the law of a foreign State and consequently defendant had a right to rely upon such misrepresentation. We hold that under the Ohio law this misrepresentation was not a misrepresentation as to the law of a foreign State, inasmuch as:

1. The place of contracting was in Ohio.

2. The parties are held conclusively to have contracted with reference to Ohio law as to the capacity of the signers.

3. There was a misrepresentation of the law of Ohio as to that question.

We believe that an Ohio court would not say that the misrepresentation was as to the law of a foreign State. In *Yappel* v. *Mozina,* 33 Ohio App. 371 (169 N. E. 315), in speaking of certain transactions, the court held that the law of Ohio applied because "all of this took place in this State, and the representation was not the law of a foreign State, but of the State of Ohio, and the plaintiffs below were charged with knowing the law, as well as defendant." We

hold that the facts of the instant case fit in with the words of the Ohio court in the *Yappel Case, supra:*

"All of this took place in this State and the representation was not the law of a foreign State, but of the State of Ohio."

The judgment is affirmed, with costs to plaintiff.

POTTER, C. J., and NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.