## NEW ENGLAND MUT. LIFE INS. CO. v. SPENCE et al.

### No. 2181.

District Court, W. D. New York.

Nov. 15, 1938.

Penney & Penney and Edwin McC. Johnston, all of Buffalo, N. Y., for plaintiff.

Francis T. Findlay, of Niagara Falls, N. Y., by B. J. Sax, of Niagara Falls, N. Y., for defendant Elizabeth K. Slade Spence.

Maurice Frey, of Buffalo, N. Y., for guardian ad litem.

Gibbons, Pottle & Pottle and Frank Gibbons, all of Buffalo, N. Y., for Commercial Standard Ins. Co. and Charles A. White, as administrator of Estate of Harry C. Slade, deceased.

KNIGHT, District Judge.

This is a suit by bill of interpleader brought by the New England Mutual Life Insurance Company because of adverse claims made to the proceeds of a policy of insurance. Trial was had by and before the court. At its conclusion a motion was made by the defendant Spence for judgment awarding the proceeds of the policy in the suit to her, and this defendant also moved to dismiss the answer of the Commercial Standard Insurance Company on the ground that there had been no proof presented of any assignment of any interest in the policy to it. Defendant White, as Administrator, moved for judgment awarding the funds in question to him upon the ground that the decree of divorce rendered in the Texas Court establishes as a matter of law that the defendant Spence has no right, title or interest in the policy of insurance and that under the terms of the policy the amount is payable to the estate of Harry C. Slade, deceased.

The funds which are the subject of the action arose from a policy of insurance on the life of said Harry C. Slade. The policy was written in the year 1919 when Slade and his wife were residents of Niagara Falls, New York, and was made payable at the Company office in Boston, Massachusetts, to "Elizabeth K. Slade, his wife, if she shall survive him, otherwise to his executors, administrators or assigns (without the right reserved to change the

beneficiary)." Subsequently husband and wife removed to the State of Texas, where defendant Spence procured a divorce from her husband. Defendant Spence thereafter returned to Niagara Falls. Slade died August 10, 1937, a resident of the State of Texas. In 1928, default was made in payment of premiums on the policy, and, in accordance with the provisions of the policy, the insured received paid-up insurance in the amount of $602. Thereafter surplus in the amount of $549.30 was accumulated to the date of receipt of proof of death. Interest on the aforesaid total of $1151.20 from such date to the date of this action makes the total amount in suit $1162.82.

Defendant Spence claims the fund as beneficiary named in the policy. Defendant Charles A. White, as administrator, claims the fund upon two grounds. It is asserted that under the laws of the State of Texas, an interest in a policy of insurance ceases when the insurable interest ceases. It is claimed, therefore, that when the defendant Spence divorced Slade her insurable interest and consequently her interest in the policy ceased and his estate thereupon became the beneficiary. It is also advanced that after default in payment of premiums a new paid-up policy issued, which policy was for the benefit of insured only and not subject to the limitation as to transfer.

The defendant Commercial Standard Insurance Company claims a large part of the fund, based upon the right of insured to assign the policy and an oral assignment of it to the said defendant as security for the re-payment of advances to the insured. The guardian ad litem for the infant defendant has submitted her rights to the consideration of the court.

The law in the State of Texas seems to be settled that a beneficiary named in a policy to hold any interest must have an insurable interest in the life of the insured when the policy becomes payable. Hatch v. Hatch, 35 Tex.Civ.App. 373, 80 S.W. 411; Northwestern Mutual Life Ins. Co. v. Whiteselle, Tex.Civ.App., 188 S.W. 22, affirmed Tex.Com.App., 221 S.W. 575; Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274, 47 Am.St.Rep. 107; Schonfield v. Turner, 75 Tex. 324, 12 S.W. 626, 7 L.R.A. 189. These cases appear to treat the contract of insurance as having been made in the State of Texas. It is thought the law must be different when applied to contracts made in another state. Cowen v. Equitable Life Assur. Soc. 37 Tex.Civ.App. 430, 84 S.W. 404; Seiders v. Merchants' Life Ass'n, 93 Tex. 194, 54 S.W. 753; Fidelity Mutual Life Ass'n v. Harris, 94 Tex. 25, 57 S.W. 635, 86 Am.St.Rep. 813.

■ An insurance policy is a contract and like any other is governed by the law of the place where it is made. "The obligation of a contract [policy of insurance] undoubtedly depends upon the law under which it is made." Northwestern Mut. Life Ins. Co. v. McCue, 223 U.S. 234, 32 S.Ct. 220, 222, 56 L.Ed. 419, 38 L.R.A.,N.S. 57. See, also, Mutual Life Ins. Co. v. Hill, 193 U.S. 551, 24 S.Ct. 538, 48 L.Ed. 788; New York Life Ins. Co. v. Dodge, 246 U.S. 357, 38 S.Ct. 337, 62 L.Ed. 772, Ann.Cas.1918E, 593; 1 Couch Insurance Cyclopedia, sec. 193; 32 C.J. 977–979. It is immaterial whether the policy in suit is construed as a contract made in the State of New York, as contended by the defendant Spence, or having been made in the State of Massachusetts. We believe, however, that it was a contract made in the State of Massachusetts. We have nothing in the record save the policy to show this, but it recites that the contract has been "signed and delivered at Boston, in the Commonwealth of Massachusetts." The policy also provides that premiums are to be paid in that state.

There can be little question as regards the law of the State of New York. The language of the court in Salvin v. Salvin, 165 App.Div. 362, 151 N.Y.S. 60, is wholly applicable here. "There can be no doubt that the divorce obtained by Bertha Salvin did not and could not defeat her rights as beneficiary under the policy of insurance in her favor then subsisting." [page 62.] Citing Olmsted v. Keyes, 85 N.Y. 593; Connecticut Mutual Life Ins. Co. v. Schaefer, 94 U.S. 457, 24 L.Ed. 251. Matter of Simpson's Estate, 155 Misc. 866, 280 N.Y.S. 705; Howard v. Hancock Mutual Life Ins. Co., 111 Misc. 442, 183 N.Y.S. 80, are in accord with the decision in Salvin v. Salvin, supra.

■ While the precise question seems not to have been settled in the Massachusetts Courts, no opinions are found in conflict with the rule in New York State, and it is believed the related opinions indicate favor of this rule. Mutual Life Ins. Co. v. Allen, 138 Mass. 24, 52 Am. Rep. 245; Tyler v. Odd Fellows' Mutual Relief Ass'n, 145 Mass. 134, 13 N.E. 360.

In Mutual Life Ins. Co. v. Allen, supra, this significant language is found: "If valid [the policy] in its inception, it will not be avoided by the cessation of the interest."

In default of any statute of the state in which a contract is made or a decision by one of its courts, the federal courts will construe the effect of the contract.

The policy in question expressly states that it is issued "without the right reserved to the insured to change the beneficiary." The beneficiary as named therein is "Elizabeth K. Slade, his wife, if she shall survive him." The use of the words "his wife" is merely descriptive and not a limitation. The intent of the insured when the policy was issued is important. That intent can be gathered from the policy. The intent was to benefit his then wife. This intent is further shown by the fact that the insured defaulted in the payment of any premiums three years after the divorce and nine years before his death.

The beneficiary's interest vested when the policy was issued and became effective. It continued till the policy became payable. The divorce did not affect her rights. Her insurable interest continued till the maturity of the policy. The United States courts and many state courts have held this to be the law. The beneficiary had a contract right which could be divested only by her own act to abrogate it. Richards Insurance p. 556; Washington Central Nat. Bank v. Hume, 128 U.S. 195, 9 S.Ct. 41, 32 L.Ed. 370; Weatherbee v. New York Life Ins. Co., 182 Mass. 342, 65 N.E. 383; Garner v. Germania Life Ins. Co., 110 N.Y. 266, 18 N.E., 130, 1 L.R.A. 256; Phoenix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L.Ed. 501; Supreme Council of Royal Arcanum v. Churlo, D. C., 263 F. 755; Overhiser's Adm'x v. Overhiser, 63 Ohio St. 77, 57 N.E. 965, 50 L.R.A. 552, 81 Am.St.Rep. 612; Scott v. Dickson, 108 Pa. 6, 56 Am.Rep. 192; Amick v. Butler, 111 Ind. 578, 12 N.E. 518, 60 Am.Rep. 722.

When the insured defaulted in premium payments, three options were available to him. In the event of his failure to select one of the three, the second option became effective without action on his part. Under the first option he could have taken the cash surrender value of the policy at the time of default. Under the third he could then have taken out extended insurance to run for a fixed period. But under the second he could have taken paid-up insurance to amount of the cash surrender value and accumulated surplus, less indebtedness on the policy, and this particular option became effective, unless he selected one of the others. This he did not do. We are here dealing with a paid-up insurance policy under this second option.

It is claimed by defendant Slade that this second option created a new contract of insurance free from any limitation as to transfer and for the benefit of the insured alone. This contention is untenable. There was only one insurance contract. All rights arose under it.

Attention is called to recent decision in Panko v. Endicott Johnson Corp., D. C., 24 F.Supp. 678, in construing the effect of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. If the language of the opinion in the Panko Case has any application here, it seems that it emphasizes the point that a question of law must be decided under the laws of the state where the rights arose. That, of course, is the law as laid down in Erie Railroad Co. v. Tompkins, supra.

As to the defense of the Commercial Standard Insurance Company, it is sufficient to say that no sufficient proof has been made of any purported assignment of any interest in the policy by the insured to it. No motion for directed verdict in its behalf has been made.

The infant defendant, Anita Slade, has appeared herein by her guardian ad litem and submitted her rights to the determination of the court. The defendants named Vera Slade and Florence Slade have not appeared.

The motion of the defendant Charles A. White, Administrator of the Estate of Harry C. Slade, deceased, for a directed verdict is denied.

The motion of the defendant Elizabeth K. Slade Spence for a directed verdict for the full amount payable on the policy of insurance aforesaid is granted.

Findings in accord herewith may be submitted to be and considered to be a part of this decision.