BARBARA DURIAN, Appellant, *against* THE CENTRAL VEREIN OF THE HERMANN'S SŒHNNE, Respondent.

(Decided April 2d, 1877.)

Where a benevolent association, organized under the general act for the incorporation of benevolent societies, provides by its constitution that upon the death of a member of the society each member thereof shall pay into the treasury of the society $1, and that the sum thus realized shall be paid to the widow or minor children of the deceased member, the rights acquired by a person who becomes a member of the society while such a constitution is in force does not constitute a contract of insurance upon his life by the society, and in favor of the then wife of the member, under the statutes (L. 1840, c. 80 ; L. 1858, c. 187) empowering a wife to insure the life of her husband, and the constitution of the society may afterwards be changed so as to make the sum payable to any one designated by the member in his lifetime, and the person so designated will then be entitled to the exclusion of the widow.

A provision of the constitution of such a society requiring a member to designate the beneficiary whom he designs to have share in the benevolent fund at his death is sufficiently complied with by any form of words that is sufficient to clearly make known his intention, and the addition of the word " wife " to the name of the person designated, she not being his wife, does not make the designation ineffectual.

APPEAL from a judgment entered upon a decision of the general term of the Marine Court of the city of New York, affirming a judgment rendered by that court at trial term in favor of the defendant upon the merits. The cause was tried by the court, a jury having been waived.

This action was brought by the plaintiff, Barbara Durian, to recover from the defendant, an incorporated benevolent society, the sum of $500, to which she claimed she was entitled out of its funds, as the person who had been designated in accordance with its constitution to receive said sum, by Philip Durian, a member of that society, who had died after making such designation.

The defense substantially was that by the constitutions of that society the sum of $500 was payable to the widow of

the deceased member in preference to the person designated; that Barbara Durian was not the widow of Philip, but that one Catherine Durian was, and further, that Barbara was never designated by the deceased member in accordance with the constitutions of the society. The provisions of these constitutions bearing upon the points in controversy will be found in the opinion.

*Henry Wehle,* for appellants.

*Roscoe H. Channing,* for respondent.

VAN HOESEN, J.—The Central Verein of Hermann's Sons is a benevolent association which was formed in the year 1867 under the general act for the incorporation of such societies. It is a sort of mutual life insurance society, only those who belong to the order called the Sons of Hermann being eligible to membership in the Central Verein. One Philip Durian became a member of the Central Verein in the year 1867, soon after its formation. At the time Durian joined the association he was living with his wife Catherine, who is now his widow. About two years afterwards Catherine went to Europe, and during her absence Philip begun living with the plaintiff in this action, who adopted his name, and passed as his lawful wife until the time of his death. After Catherine returned from Europe, she probably married a man called Roth. Philip Durian died in the year 1875. For some time prior to his death, the plaintiff paid with her own money Philip's dues to the Verein.

At the time Philip became a member of the Verein, the constitution provided as follows : " At the death of a brother of this Central Society, every member must pay one dollar, . . . . . . . . and the amount is to be paid over in three months to the widow, or the minor children, or *in their absence* to such person or persons as he may have indicated to the Central Society in writing before his death." For the purpose of defeating the plaintiff's claim in this action, the defendant contends that that article of the constitution is in

effect a policy of insurance ; that the wife Catherine is the actual beneficiary referred to in the policy, though her name was not mentioned, and her existence may not have been known ; that her right to the money, coming by virtue of the policy from the society upon the death of Philip, could not be affected by any assignment or appropriation Philip may have attempted to make without her consent ; that Philip had no power to designate any other person to receive the insurance except in case of her absence (death) ; and that the Verein could not, by any change of its constitution, destroy or impair her vested right to the benefits of the policy.

It will be seen that the argument of the defendant denies the right of the Verein to make any changes in its constitution, or to pass any by-laws, or to impose any conditions or restrictions whatsoever, even with the consent of a member, which shall affect the claims of the wife of that member. It is contended, in other words, that the moment a new member was admitted into the Verein under the constitution of 1867, the right of his wife to the money payable at his death became fixed and vested, and, except in case of forfeiture, the Verein and the husband, together or separately, could make no change in the constitution or in their agreement that would cut the wife off. Although that is the position taken by the defendant on the argument of this appeal, the Verein has repeatedly changed its constitution, and prescribed many conditions upon existing members, some as safeguards against fraud, and some to enlarge the power of members to dispose of insurance money payable. Thus, in 1870, the constitution was amended so as to provide, that "In case of the death of a brother, the society assumes the obligation to pay the round sum of $500 to those he leaves behind (widow, children, or such other person as he shall designate, more particularly before his death), within thirty days after his decease." It will be seen that the amendment dispenses with the requirement that the designation shall be in writing, and that it omits the provision that other persons can be designated to receive the money *only in the absence of a widow or children.* In 1872, the constitution was again

amended so as to provide that the Verein should, in case of the death of a member, pay the widow, children or other person whom he may designate for that purpose before his death, the sum of $500 " in thirty days from the reading of the certificate of death in the first monthly meeting." The constitution was again amended in 1874, but there was no substantial change in the article above quoted.

In 1874 an article was added to the constitution which requires that " the names of the wives of the members shall be registered," and provides that " no payment shall be made to any person whose name is not entered on the register as prescribed."

Philip Durian, in compliance with that article of the constitution, directed the name of the plaintiff to be registered as that of his wife, and her name was accordingly so entered upon the register.

It may be observed in passing, that according to the argument urged by the defendant, the article of the constitution providing for the registry of the names of wives, and making such registry a condition of paying the insurance money, was null and void as against the wives of all members who had joined the Verein before the article was adopted. It would follow therefrom that the fact of the non-appearance of the name of Catherine Durian on the registry did not impair her right to the money, and that the defendant, upon its own showing, had no valid excuse for refusing to pay her.

The statutes of New York, as well as the statutes of almost every State in the Union, have made provision for saving to the wife and children of a party the amount for which his life shall be insured. They protect the family of the insured against his creditors, and his wife against herself. (*Eadie* v. *Slimmon*, 26 N. Y. 9; *Barry* v. *Equitable Life Assurance Soc.* 59 N. Y. 587.) Under the legislation of most of the States, a husband, after taking out a policy for the benefit of his wife and children, can not assign it, or dispose of it by will. It was said in *Gould* v. *Emerson* (99 Mass. 154) that even without any legislation, it was possible that, by the general principles of equity jurisprudence, a policy on the

life of a husband, for the benefit of his wife and children, would constitute an executed voluntary settlement, which he could not revoke by a subsequent like settlement, or by will, and which could be enforced against his representatives. This was an *obiter dictum*, and need not be considered here. It cannot be pretended that there was ever any settlement of the sum of $500 upon Catherine; for the constitution of 1867 provided only for the payment of $1 by each member to the widow of a deceased brother. I think it may be assumed without argument that the proceedings of a benevolent society like the Sons of Hermann and its Central Verein are not subject to the operation of the New York statutes (Laws of 1840, c. 80, and L. 1858, c. 187), which empower a wife to cause the life of her husband to be insured. In this case, it is very certain that Mrs. Catherine Durian did not procure the insurance upon Philip's life, and the whole scheme of the organization is inconsistent with the notion of a stranger entering into a contract with the Verein for the insurance of the life of a third person.

I doubt if the counsel for the defendant would contend that the Central Verein was subject to the control of the superintendent of the Department of Insurance, and obliged to conform to the laws respecting life insurance companies. The Verein is a corporation, but it is not restricted by law as to the methods of accomplishing the benevolent designs to promote which it was organized. It issues no policies. Is it true, as the defendant contends, that the constitution for the time being is a policy, and that a member, who by joining the society accepts that constitution, cannot consent to change it, because he would, in fact, be varying the terms of a policy to which another had the sole and indefeasible title? Such certainly has not been the understanding of Hermann's Sons. Those who have joined the Verein since 1870 have been at liberty to select others than members of their own families as appointees to receive the insurance money, and the association has repeatedly re-adopted the provision of the constitution which confers that power. It cannot, therefore, be, as the learned judge at special term below supposed,

that " the whole character of the foundation of the Verein forbids the appointment of a stranger as the beneficiary." It is conceded by the counsel for the defendant that such an appointment may be made. The case seems to me to be simply this :—The title of Catherine Durian is not protected by the statutes of the State. If she be entitled to the insurance money, it must be because of a contract made between. Philip Durian and the defendant, which it was out of their power afterwards to vary, because she had an interest in it which it would be unjust and unlawful to impair. What interest had Catherine in it? Why could it not be modified by the parties who made it? The counsel for the defendant has not shown. Conceding that Philip intended, at first, that she should receive the insurance money, he had a right to change the direction in which the money should go at any time before he had actually placed in her hands, or beyond his own control, the means of enforcing her claim to the money. (*Lemon* v. *Phœnix Life Insurance Company*, 38 Conn. 301.) It was competent, in my opinion, for Philip and the Verein to modify their agreement in any manner satisfactory to both parties. It was competent for Philip, with the consent of the Verein, to name a beneficiary other than his wife, even though his wife were present. The amended constitution, to which he assented, formed a new contract between him and the Verein, under the terms of which he was at liberty to choose whom he pleased as appointee. He named Barbara, the plaintiff. It is objected that he falsely alleged her to be his wife, and that, though he named her as his wife, he did not designate her as the beneficiary. There was no set form of words which he was bound to employ. All that he was required to do was to select the person whom he wished to receive the money on his death, and communicate her name, that it might be entered on the registry. There can be no doubt as to his intent, and that that intent was effectuated. That the plaintiff was called wife by him ought not to be permitted to defeat her claim. The intent is to be regarded, and that intent is plain. It has been held that " a woman who was married to a man, but illegally, because he

had a former wife living," could recover in an action upon a policy of insurance in her favor. (*Equitable Life Assurance Society* v. *Paterson*, 41 Ga. 338.) The observations made by the Supreme Court of Georgia in that case seem to me to be entirely pertinent to the case at bar. (See note 2 to sec. 25, Bliss on Life Insurance.) The order and the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

CHARLES P. DALY, Ch. J., and JOSEPH F. DALY, J., concurred.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.