# CITY COURT OF NEW YORK.

## MATHILDE KAISER agt. ISIDOR KAISER.

*Benevolent society — Designating beneficiary — Meaning of the term "legal heirs" — Revocation by will.*

Solomon W. Kaiser joined the "Mutual Relief Association," and designated "his legal heirs" as the beneficiaries of the death benefits, aggregating $1,000:

*Held*, (1) that the designation was valid: (2) that the phrase "legal heirs" means next of kin or relatives by blood, and excludes the widow; (3) that the designation once legally made cannot be revoked by a new designation made by the last will of the deceased member, and (4) that under the designation originally made the brother and only legal heir of the deceased was entitled to take the fund to the exclusion of the widow, and notwithstanding the will.

*Trial Term, January,* 1886.

TRIAL by the court without a jury.

*Hassey Brothers* and *H. F. Lippold,* for plaintiff.

*D. S. Ritterband,* for defendant.

McADAM, *C. J.*—Solomon W. Kaiser, the husband of the plaintiff, departed this life on the 28th day of September, 1884, being at the time a member in good standing of the "Mutual Relief Association of New York," a benevolent society incorporated under the laws of this state. The constitution of the society (*art.* 3) declares that the "object of the association shall be to pay a fund to the designated beneficiaries of its deceased members, and in other lawful ways to protect and care for their families." Article 8 provides that the death benefits shall be paid to the beneficiary designated by the deceased member, and if no designation is made, the fund is to go to the widow.

Instead of omitting to make any designation, and allowing the fund to go to the widow by force of the article referred to, Mr. Kaiser filed a designation directing that the benefits be paid to his "legal heirs." This he had the right to do, even to the exclusion of his widow (*Durian* agt. *The Central Verein*, 7 *Daly*, 168).

The phrase "legal heirs," although generally a term of description, has a well defined meaning, and whether applied to real estate or personalty, it includes only next of kin or relatives by blood, and excludes the widow (*Tilman* agt. *Davis*, 95 *N. Y.*, 17). The designation required by a benefit society is sufficiently complied with by any form of words sufficient to make known the intention of the party (7 *Daly*, *supra*), hence the use of the words "legal heirs" was a proper mode of designating the beneficiary. Bequeathing the sum in question to another by will not brought to the knowledge of the relief association until after the testator's death does not operate as a new designation. The testator had no interest in the fund which could descend or upon which a will could operate, but simply a power of appointment which if not exercised before his death in the manner specified in the by-laws became inoperative (*Hellenberg* agt. *District No.* 1, &c.,· 94 *N. Y.*, 580).

The testator certainly could not by will change the beneficiary named in a life insurance policy, for the contract was to pay the person named — no other — and the same principle applies with equal force to a relief society which contracts to pay to designated beneficiaries. They alone can claim the fund and enforce the contract. The plaintiff sued the relief association to recover the stipulated death benefits which amount to $1,000, and on its application for interpleader, the fund was deposited in court, and Isidor Kaiser, the legal heir, who made claim to the fund, was substituted as defendant in the place and stead of the relief association.

The determination of the litigation is narrowed down to the single issue — which of the two rival claimants is entitled to-

the fund; and this in turn involves the question—which of the rival claimants had a valid claim against the relief association. The application of the settled principles before referred to requires me to find that the defendant, the brother and only heir of the deceased (95 *N. Y.*, *supra*), as the designated beneficiary, is entitled to the fund in court, to the exclusion of the widow.

Judgment accordingly, with costs.