(140 App. Div. 370.)

### TYSEN v. TYSEN.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

DIVORCE (§ 62*)—JURISDICTION—PARTIES—DOMICILE—DECREE—VALIDITY.

    Defendant married B. in New York, and lived with him there for a considerable time, when she went to Michigan, and on September 17, 1902, filed a bill there for absolute divorce on the ground of extreme cruelty. On an affidavit that B. resided in California, defendant procured an order for service by publication; and, B. not having appeared. his default was taken, and defendant granted an absolute divorce. B. was not personally served, and did not appear. Defendant thereafter, on September 19, 1903, in Connecticut, married plaintiff; both defendant and plaintiff then being residents of New York. *Held*, that the Michigan decree was void for want of jurisdiction.

    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 208–216, 220; Dec. Dig. § 62.*]

Appeal from Special Term, New York County.

Action by Robert F. Tysen against Fay L. Tysen to annul a marriage. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

See, also, 123 N. Y. Supp. 1145.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Frederick N. Van Zandt, for appellant.

Grant C. Fox, for respondent.

DOWLING, J. Plaintiff brings this action to have the marriage between himself and defendant annulled and declared void, upon the ground that at the time it was performed defendant then had, and still has, a husband living, to whom she had been lawfully married. At the close of plaintiff's case the following facts were established, either by proof or by admissions made in the pleadings or in open court:

The defendant, then Fayette Lewis, lawfully married Joseph H. Benrimo at the borough of Manhattan, city and state of New York, on February 5, 1899, and thereafter they lived together as husband and wife in that city. On September 17, 1902, under the name of Fay Lewis Benrimo, she filed a bill of complaint in chancery against her husband for an absolute divorce in the circuit court for the county of Wayne, state of Michigan, which was based on charges of extreme cruelty. By order of such court, dated September 19, 1902, it was directed that the complaint in the action be served upon Benrimo by publication; such order being based upon an affidavit of the present defendant that Benrimo was not a resident of the state of Michigan, but resided at San Francisco, in the state of California. Thereafter, Benrimo not having appeared, his default was taken, and on January 20, 1903, a decree of the circuit court was duly made, and filed on the following day, whereby the marriage between this defendant and Benrimo was dissolved. All of these proceedings were taken without Benrimo ever having been personally served with any papers in the action, and without his ever having appeared therein, either personally or by attorney. Thereafter, on September 19, 1903, at the city of Bridgeport, in the state of Connecticut, a marriage ceremony was performed between plaintiff and defendant, at which time they both were residents of the state of New York.

The plaintiff had offered in evidence all the proceedings had in the Michigan action and the record of the marriage of Fayette Lewis and Joseph H. Benrimo. All these facts, thus established, made out a prima facie case. The decree of divorce obtained under the circumstances related was void. Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867; Atherton v. Atherton, 155 N. Y. 129, 49 N. E. 933, 40 L. R. A. 291, 63 Am. St. Rep. 650; Id., 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794; Olmsted v. Olmsted, 190 N. Y. 458, 83 N. E. 569, 123 Am. St. Rep. 585; Winston v. Winston, 165 N. Y. 555, 59 N. E. 273; Matter of Kimball, 155 N. Y. 68, 49 N. E. 331; O'Dea v. O'Dea, 101 N. Y. 23, 4 N. E. 110. Plaintiff had proved the place of residence of Benrimo, which was prima facie his domicile, and was entitled to the presumption of continuance of a domicile once acquired. If the court entertained any doubt as to the facts, and was not disposed to give plaintiff the benefit of the favorable inferences to be drawn from the testimony, to which he was entitled, then plaintiff

should have been granted his perfectly reasonable request to be allowed to put Benrimo on the witness stand; he then being present in court.

The judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.