evidence of inspection or attempt to remedy it. There is testimony in this case from which the jury could find that there were no scalers employed to examine the walls and scale down loose and dangerous rock. The important point in the case at bar is that the dangerous condition at the side of the tunnel was not of recent creation, or created or continued by anything the plaintiff or any of his muck gang did or omitted.

[2] We think it was error to exclude evidence under the circumstances of this case of previous falls of rock at the locus in quo. Such evidence was competent to show the nature of the place and notice thereof. We think that the plaintiff made out a prima facie case, and that it was error to dismiss the complaint at the close of his evidence.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. Order filed. All concur.

---

### In re AKIN'S ESTATE.

#### (Surrogate's Court, New York County. March 11, 1915.)

1. JUDGMENT ⬤══818—FOREIGN JUDGMENT—FULL FAITH AND CREDIT—INQUIRY AS TO JURISDICTION.

Const. U. S. art. 4, § 1, requiring that full faith and credit be given in every state to the judicial proceedings of other states, does not prevent the courts of New York from inquiring into the jurisdiction of a court of another state to render the judgment upon which a party relies in invoking the aid of courts of this state.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1458–1481; Dec. Dig. ⬤══818.]

2. DIVORCE ⬤══328—FOREIGN DIVORCE—COLLATERAL ATTACK—JURISDICTION OF DEFENDANT.

Where a husband abandoned his wife at their marital domicile in New York, and went to Nevada, where he obtained a default divorce on service upon the wife in New Jersey, the divorce was not one which would be recognized by the New York courts.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. ⬤══328.]

3. DIVORCE ⬤══330—FOREIGN DIVORCE—EFFECT AS TO RIGHT TO INCOME OF TRUST FUND.

Such a divorce, being invalid in New York, would not deprive the trustees of a fund of the discretion given them to pay the income to a husband, or to his wife, or partly to each; and hence the husband was not entitled to apply for a decree requiring payment of the entire income to him.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 839; Dec. Dig. ⬤══330.]

In the matter of the estate of Sarah Akin. Application by Oscar Clark Miller for direction to trustees as to payment of trust fund income. Denied.

See, also, 163 App Div. 948, 148 N. Y. Supp. 1103.

---

⬤══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Edward G. Delaney, of New York City (Samuel Dickstein, of New York City, of counsel), for petitioner.

Paul E. Whitten, of New York City, for trustees.

Avery, Schlesinger, Harris & Davidson, of New York City, for Julia Miller.

FOWLER, S. The petitioner, Oscar Clark Miller, alleges that he is a legatee named in the second paragraph of the codicil to the last will and testament of Sarah Akin, deceased; that he is entitled to the entire income of the trust fund mentioned in the said codicil; and he makes this application under section 2689, C. C. P., to obtain an order directing the trustees to pay the said income to him. The paragraph referred to reads as follows:

"I give and bequeath to my trustees the sum of twenty-five thousand dollars ($25,000), to have and to hold the same for the following uses and purposes: To invest the same in such securities as are directed in my said will in respect to such sums as are given in said will to my trustees in trust; to collect the rents, income and profits thereof, and in their discretion and from time to time to pay the whole of the net income arising therefrom either to my nephew, Oscar Clark Miller, or to his wife, Julia Miller, or a portion of such net income to one, and the remaining portion to the other during the term of the life of the said Oscar Clark Miller, and upon and after his death to divide and pay over the said principal sum in equal shares to and among his surviving children and the issue of such of them who may then be dead, such issue taking the share which their parent would have taken if he or she had survived the said Oscar Miller."

The petitioner alleges that on the 23d of December, 1913, he obtained a decree of absolute divorce from his wife, Julia A. Miller, and he contends that after the date of such decree she was not entitled to any part of the income from the trust fund, that he then became absolutely entitled to the said income, and that the trustees were divested of the discretionary power of payment given to them by the testatrix. Attached to the petition is an exemplified copy of the decree of divorce granted by the second judicial district court of the state of Nevada, in and for the county of Washoe, in the case of Oscar Clark Miller against Julia A. Miller.

The petitioner alleges that he resides in the borough of Brooklyn, city of New York, and that Julia Miller resides at Atlantic City, in the state of New Jersey.

The petitioner's claim to the entire income is based upon the effect of the decree of divorce granted to him by the district court of Nevada. If that decree is invalid, or if the courts of this state refuse to recognize it, there can be no question of the right of the trustees to pay the income of the trust fund to either Oscar Clark Miller or Julia Miller, or to pay such portion of the income to either, as they in their discretion may deem advisable.

[1] The courts of this state are not prevented by section 1 of article 4 of the federal Constitution from inquiring into the jurisdiction of a court of a sister state to render a judgment upon which either of the parties relies as the basis of his right to invoke the aid or intercession of our courts. Winston v. Winston, 165 N. Y. 553, 59 N. E. 273; Olmstead v. Olmstead, 190 N. Y. 458, 83 N. E. 569, 123 Am. St. Rep. 585.

The petitioner resides in this state and has subjected himself to the jurisdiction of this court, the trustees against whom the proceeding is brought are within the jurisdiction of this court, and the will under which the petitioner claims to be entitled to the legacy was probated by this court.

[2, 3] In order to determine the right of the petitioner to the entire income of the trust fund mentioned in the codicil it is necessary for this court to determine whether the decree of the district court of Nevada is binding upon this court, and for this purpose to inquire whether that court acquired such jurisdiction over Julia Miller as would, under the decisions of the courts of this state, justify this court in regarding the said decree as valid and binding for the purpose of this proceeding. The papers before the court upon this application show that Oscar Clark Miller and Julia A. Miller were married in the state of New York, that they continued to reside here for some time after their marriage, that subsequently Oscar Clark Miller abandoned his wife and became a resident of Nevada, that Julia Miller never became a resident of that state and was never personally served with process within that state in the divorce action brought against her by her husband, and that she did not appear in that action. Personal service of process was made upon her in the state of New Jersey. From these facts it is clear that the district court of Nevada never obtained jurisdiction of Julia A. Miller, and that the decree of divorce granted by that court to Oscar Clark Miller on the 23d day of December, 1913, will not be recognized by the courts of this state. Jones v. Jones, 108 N. Y. 415, 15 N. E. 707, 2 Am. St. Rep. 447; Winston v. Winston, 165 N. Y. 553, 59 N. E. 273; Tysen v. Tysen, 140 App. Div. 370, 125 N. Y. Supp. 479; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1.

As the courts of this state will not recognize the validity of the decree of divorce granted to Oscar Clark Miller by the district court of Nevada, it follows that in so far as the present proceeding is concerned Julia Miller is still the wife of Oscar Clark Miller, and the trustees may in their discretion pay the whole or any part of the income of the trust fund to her.

The petitioner, therefore, is not entitled to an order directing the trustees to pay to him any part of the income from the trust fund.

Application denied.