In the Matter of the Petition of Oscar Clark Miller for a
Decree Directing Payment, etc., to Him by Testamentary
Trustees pursuant to Section 2689 of the Code of Civil Pro-
cedure* — Estate of Sarah Akin, Deceased.

Oscar Clark Miller, Appellant; Albro Akin and B. Aymar
Sands, Trustees, and Julia A. Miller, Respondents.

*(Supreme Court, App. Div., First Dept., February 11, 1916.)*

Will—Trust, giving trustees discretion to pay whole or portion of
income to either a husband or his wife, construed—" His wife "
words of description only.

In a will leaving property to trustees " to collect the rents, income, and
profits thereof, and in their discretion, and from time to time," to pay
the whole of the net income either to the nephew of the testator " or
to his wife, Julia Miller," or a portion to one and the remaining por-
tion to the other during the life of the nephew, the words " his wife "
are words of description only, and there being no condition express or
implied that she should remain the wife in order to be entitled to take
such sum as the trustees might decide to pay to her, they may, in their
discretion, pay to her the whole amount although the nephew had
secured a divorce.

Appeal by Oscar Clark Miller from a decree of the Surro-
gate's Court of the county of New York, entered in the office
of said Surrogate's Court on the 1st day of April, 1915, dis-
missing the petition herein.

Samuel Dickstein, for the appellant.

Paul E. Whitten, for the trustees, respondents.

Mark M. Schlesinger, for the respondent Miller.

Dowling, J. — Sarah Akin made her last will and testament
on April 13, 1908, and thereby, among other legacies, by the

* See Laws of 1914, ch. 443.—[Rep.

9th clause thereof gave and bequeathed to her trustees the sum of $25,000 in trust, to invest the same, "to collect the rents, income and profits thereof, and to pay the net income arising therefrom to my nephew Oscar Clark Miller during the term of his life," with directions as to the disposition of the principal after his death. Oscar Clark Miller was then married to Julia A. Miller. The answer of the trustees to the petition herein sets up that Miller abandoned his wife and minor son in the month of October, 1908, at Atlantic City in the State of New Jersey, and for that reason decedent executed a codicil to her will on May 12, 1909, the sole change made in the original will being as to the 9th clause thereof containing the bequest of the life estate to Miller. As to this the codicil provided:

"*Second.* I revoke the Ninth clause of my said will, and in place thereof I provide as follows: I give and bequeath to my trustees the sum of Twenty-five thousand ($25,000), to Have and to Hold the same for the following uses and purposes: to invest the same in such securities as are directed in my said will in respect to such sums as are given in said will to my trustees in trust; to collect the rents, income and profits thereof, and in their discretion, and from time to time, to pay the whole of the net income arising therefrom either to my nephew, Oscar Clark Miller, or to his wife, Julia Miller, or a portion of such net income to one, and the remaining portion to the other, during the term of the life of the said Oscar Clark Miller."

Then followed the provisions as to the disposition to be made of the principal of said trust fund upon the death of Miller, in the happening of certain contingencies. Sarah Akin died on April 29, 1910, and her will and codicil were duly admitted to probate and letters testamentary issued to the executors and trustees named therein, who duly qualified and have continued to act as such. Pursuant to the authority given them by the will and codicil, and exercising their discretion as thereby allowed, the executors and trustees divided the income from said trust fund, amounting to approximately $1,200 per annum, in

the proportion of $400 to Miller and the balance to his wife up to and including July 1, 1913. Miller has not contributed to the support of his wife or minor son since October, 1908. On November 3, 1913, Miller began an action for an absolute divorce against his wife in the Second Judicial District Court of the State of Nevada, in and for Washoe county, based on allegations of jealousy and cruelty on the part of his wife. His complaint in that action showed that they were married in the State of New York on June 15, 1893; that his son was then nineteen years of age, and that he himself had been a resident of the State of Nevada for upwards of six months. Upon Miller's affidavit that his wife resided at Atlantic City, in the State of New Jersey, an order was made for the publication of the summons in the Reno *Evening Gazette* and for the mailing of a certified copy of the complaint to his wife at an address given in Atlantic City, N. J. The petitioner presented proof of personal service of a certified copy of the complaint, attached to a copy of the summons, upon his wife at Atlantic City, N. J., but offered no proof of publication or mailing, and has produced no Nevada statute authorizing a departure from the terms of the order of publication. Mrs. Miller never appeared or answered in the Nevada action, and on December 23, 1913, the Nevada court gave judgment in favor of Miller dissolving the marriage between him and his wife and freeing each of the parties " from the bonds of matrimony and all of the obligations thereof." Then on December 27, 1913, his New York attorney notified the executors and trustees of the Akin estate of the granting of the Nevada decree, by reason whereof " the said Julia A. Miller is no longer the lawful wife of said Oscar Clark Miller. You are therefore hereby required and notified to pay no further sums of money or installments to said Julia A. Miller, for or by reason or on account of any legacy or bequest given by or under the provisions of said above-mentioned will, to said Oscar Clark Miller or to said Julia A. Miller, as his wife named therein, or to any other

person or persons whatever acting on behalf of said Julia A. Miller." The reply of the executors and trustees was "that in the exercise of the discretion thereby (i. e., by the will) granted them, they will, on the 7th day of January, 1914, pay the entire net income of said trust fund accrued to January 1st, 1914, to Julia Miller, and that no part of the same will be paid to Oscar Clark Miller." The answer of the executors and trustees sets forth: "They allege that their determination to pay no part of said net income to Oscar Clark Miller, but to pay the whole of the same to said Julia Miller is within the limits of the discretion conferred upon them by the terms of said will, and that said Oscar Clark Miller has no legal or equitable right to the payment to him of any part of said net income." They also set up the invalidity of the Nevada decree. Petitioner has brought this proceeding to obtain a decree for the payment and delivery to him by the executors and trustees of the whole of the net income from the trust fund in question. His claim is that as the Nevada judgment dissolved the marriage between himself and his wife, the latter thereby ceased to be entitled as his wife to any portion of the trust income. The learned surrogate has denied the petition upon the ground that the Nevada decree was invalid, no jurisdiction ever having been acquired in that State of Julia Miller, and that the courts of this State would not recognize the decree. (Matter of Akin, 89 Misc. Rep. 690.) We do not consider it necessary to discuss the validity of the Nevada decree, for we do not believe that the right of Julia Miller to receive such share of the income from the trust fund as the executors and trustees might allot to her in any way depends upon her status as Miller's wife. The words "his wife," used in the codicil preceding the words "Julia Miller," were words of description only, and there was no condition, express or implied, that she should remain his wife in order to be entitled to take such sum as the executors and trustees might decide to pay to her. (Schult v. Moll, 132 N. Y. 122; Wait v. Wait, 4 id. 107; Salvin v. Salvin, 165

App. Div. 363; Durian v. Central Verein of the Hermann's Soehnne, 7 Daly, 168; Overhiser v. Overhiser, 63 Ohio St. 77; Bachmann v. Supreme Lodge Knights and Ladies of Honor, 44 Ill. App. 188.)

By the terms of the codicil the executors and trustees were explicitly empowered, in their discretion, to pay the whole of the net income to Julia Miller, and having determined to exercise that discretion in her favor, their decision cannot be disturbed. The decree appealed from will, therefore, be affirmed, with costs.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Decree affirmed, with costs.