194 A.2d 565 (1963)
Edward H. PORTER, Jr., Trustee under an inter vivos trust created by Amy E. duPont, Plaintiff,
v.
Eugene duPONT, III, Cora Lee duPont, his wife, and Margaret Chapman duPont Peyton, Defendants.
Court of Chancery of Delaware, New Castle.
August 29, 1963.
James M. Tunnell, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff.
Leroy A. Brill, of Herrmann, Bayard, Brill & Russell, Wilmington, for defendants Eugene duPont, III, and Cora Lee duPont. Edward J. Brady, of Hale, Hynes & Brady, New York City, of counsel.
Edmund N. Carpenter, II, and William E. Wiggin, of Richards, Layton & Finger, Wilmington, for defendant Margaret Chapman duPont Peyton.
SHORT, Vice Chancellor.
Plaintiff trustee seeks instructions as to whom payment should be made of a certain gift provided by an inter-vivos trust indenture. Conflicting claims to the gift are asserted by the several defendants. Defendant *566 Peyton has moved for summary judgment based upon the pleadings, pre-trial discovery and affidavits filed.
On June 16, 1949 Amy E. duPont executed a revocable inter-vivos trust providing for gifts to various persons to be effective upon her death. Pursuant to the power of revocation reserved to her, the settlor made numerous amendments adding and omitting beneficiaries and changing the amounts payable to various beneficiaries under the trust. On October 10, 1952 the settlor amended the trust instrument to provide for payment of $25,000 upon her death to defendant Eugene duPont, III. On October 6, 1954 this provision was revoked and in lieu thereof the following provision was added:
"To pay to Settlor's nephew, Eugene duPont, III and his wife, Margaret Chapman duPont, both of Christiana Hundred, New Castle County, Delaware, or to the survivor of them, the sum of Twenty Five Thousand Dollars ($25,000)."
Though the settlor subsequently made numerous amendments to the indenture the quoted provision remained unchanged until her death on February 16, 1962. In August 1956 defendants Eugene duPont, III and his then wife, Margaret Chapman duPont, now Margaret Chapman duPont Peyton, were divorced. In October 1956 Margaret Chapman duPont married Bernard Peyton. In December 1956 Eugene duPont, III married defendant Cora Lee duPont. The record discloses that Amy E. duPont was well aware of the dissolution of the marriage of Eugene duPont, III and Margaret Chapman duPont and the subsequent remarriages of those parties. Following the divorce and remarriages the relations between Amy E. duPont and Mrs. Peyton continued to be cordial.
Defendant Peyton contends that the gift of $25,000 provided by the amendment of October 1954 should be paid in equal parts to her and to defendant Eugene duPont, III. The duPont defendants contend that the gift should be paid to Eugene duPont, III and the person to whom he was married at the time of the settlor's death.
While the authorities are not entirely harmonious as to the proper construction of gifts payable to a named person and his wife, certain general rules are followed by the courts in construing such language. Of course, the primary question in any such construction is the intent of the testator or settlor as disclosed by the language of the instrument at the time of execution. DuPont v. Equitable Security Trust Co., 35 Del.Ch. 514, 122 A.2d 429.
Where the beneficiary of the gift is referred to in the instrument as "husband" or "wife", the weight of authority would seem to recognize an intention on the part of the donor to benefit only that person answering the description of "husband" or "wife" at the time of the vesting of the gift. But even in this situation the courts have been prone to seize upon language in the instrument as indicative of a contrary intention. Some of the cases are collected in annotations appearing in 63 A.L.R. 81; 71 A.L.R.2d 1273; and 75 A.L.R.2d 1413.
Where, however, the person referred to in the instrument as the husband or wife of another is further identified by name, it has quite uniformally been held, in the absence of any indication of a contrary intention, that the person so named is to be regarded as the intended beneficiary of the gift. Cases so holding are referred to in the annotation in 69 A.L.R. 940. See also, In re Tuck's Estate, 165 Misc. 346, 300 N.Y. S. 1132, aff'd, 256 App.Div. 971, 11 N.Y.S.2d 226, aff'd, 281 N.Y. 697, 23 N.E.2d 535. These cases deal with testamentary gifts but since we are concerned with the question of intention they may rightly be regarded as of equal authority in the field of inter-vivos trusts.
In Stryker v. Kennard, 339 Mass. 373, 159 N.E.2d 71, 71 A.L.R.2d 1266 a settlor transferred to trustees certain shares of stock to pay the income to Waldo Kennard *567 for life and after his death "to his wife as long as she remains his widow * * * and on the death or remarriage of his wife to divide said income equally among the children then living of said Waldo Kennard by his present wife Irma Evelyn or by any succeeding wife * * *." At the creation of the trust in 1912 Waldo was married to Irma Evelyn. There had been marital difficulties between them which were known to the settlor. They were divorced in 1925. Irma Evelyn died in 1926 and Waldo married Margaret in 1928. Following Waldo's death the trustee petitioned for instructions as to whether or not the income should be paid to Margaret until her death or remarriage. The Supreme Judicial Court of Massachusetts held that the langauge of the trust instrument, considered in the light of the attendant circumstances known to the settlor at the time of execution, clearly indicated an intention to make a gift of income to the person married to Waldo at the time of his death. The court pointed to the "repeated indications that the settlor was aware that the marriage of Waldo and Irma Evelyn might terminate and that Waldo might later remarry." It said: "An interpretation that the settlor intended to include within her bounty the children of a subsequent marriage but not the subsequent wife would be unrealistic and cannot be accepted. Moreover, the settlor mentioned Irma Evelyn by name no less than three times. It is reasonable to assume that she would have made the gift of the life interest following the termination of Waldo's interest to Irma Evelyn by name had she intended to exclude any subsequent wife." From the quoted language it would appear that had the settlor made the gift of the life interest to Irma Evelyn by name the court would have concluded that it was the intention of the settlor to benefit Irma Evelyn personally, and her alone.
In the present case the duPont defendants point to no language which would tend to indicate that it was the intention of Amy E. duPont to benefit any wife of Eugene duPont, III other than Margaret Chapman duPont, the person named in the trust instrument. Moreover, it is significant that the settlor in each of the five amendments of the trust instrument following that in issue, though aware of the divorce of Eugene duPont, III and Margaret Chapman duPont, expressly ratified and confirmed the "Trust Agreement as supplemented" by the several amendments, including that of October 6, 1954, to which express reference was made. In these circumstances the designation of Margaret Chapman duPont as "his wife" should be regarded as merely descriptive of the relation of the beneficiaries at the time of execution of the instrument, and not as words implying a condition that the beneficiary so described must occupy that status at the time of vesting of the gift in order to be entitled thereto.
The motion of the defendant Margaret Chapman duPont Peyton for summary judgment is granted. The trustee is instructed to make payment of the $25,000 fund provided by said trust instrument to be paid "to Eugene duPont, III and his wife, Margaret Chapman duPont" to Eugene duPont, III and Margaret Chapman duPont Peyton in equal shares.
Order on notice.