# IN RE TRUST CREATED UNDER WILL OF ROSALIA DEZELL.
## MARGARET DEZELL v. MARK L. PIKE, TRUSTEE, AND ANOTHER.

194 N. W. 2d 190.

January 21, 1972—No. 43031.

*John J. Flanagan,* for appellant.

*Kueppers, Kueppers & Von Feldt* and *Fred A. Kueppers,* for respondent Pike.

Heard before Knutson, C. J., and Otis, Kelly, and Hachey, JJ.

OTIS, JUSTICE.

The question before us is whether, under the terms of a testamentary trust, a beneficiary described as "my daughter-in-law, Margaret Dezell," may take if, after the death of the settlor, she is divorced from the settlor's son. The trial court held she was not entitled to take, and we reverse.

Donald Dezell, a son of the settlor, Rosalia Dezell, was married to Margaret Dezell in 1943. In 1960, Rosalia executed a will creating a trust which required payments of $50 a month to

Donald for life with the following provision effective upon his death:

"From and after the death of my said son or from and after my death if my said son does not survive me, the trustee shall make the same payments to my daughter-in-law, Margaret Dezell, as are hereinbefore directed to be paid to my son."

Rosalia died in 1962. In 1968, Donald and Margaret were divorced, and he died in 1970. These proceedings are brought by the trustee to determine whether either Margaret or Donald's second wife, Esther, is entitled to the trust payments, or whether the trust has terminated. The trial court without a memorandum held that the trust had terminated, and Margaret appeals.

The trustee argues that there was a revocation by implication of law, a doctrine expressly preserved by Minn. St. 525.19, which states in part:

"* * * Nothing in this section shall prevent the revocation implied by law from subsequent change in the condition or circumstances of the testator."

It is further asserted that § 525.191, which revokes any bequest to a spouse where the testator is subsequently divorced, reflects a legislative policy which governs. Donaldson v. Hall, 106 Minn. 502, 119 N. W. 219 (1909), decided before the adoption of our statute on revocation by divorce, is cited as authority for a common-law revocation of the kind for which the trustee contends. The Wisconsin Supreme Court denied recovery to the divorced spouse of a life tenant where she was described as "his widow, Sadie True Buchanan, for and during the period of her widowhood." Buchanan v. Buchanan, 213 Wis. 299, 300, 251 N. W. 250 (1933). The court there reasoned that a divorcee under such circumstances could not become the widow of the life tenant upon his death.

We are persuaded that the prevailing and better-reasoned authority permits recovery under the circumstances here presented. It is the general rule that where a beneficiary other than the

settlor's spouse is designated by name with an indication of her marital status, the beneficiary is entitled to take notwithstanding the relationship has been terminated by divorce, unless the will indicates a contrary intent. It is the status at the time the will is executed and not that which obtains when the beneficiary's interest vests which ordinarily governs. Porter v. duPont, 41 Del. Ch. 336, 194 A. 2d 565 (1963); Matter of Lachlan, 24 Misc. 2d 323, 329, 193 N. Y. S. 2d 408, 415 (1959); 4 Bowe-Parker: Page on Wills, § 34.2 at 406.[1] A case squarely in point on the facts is Matter of Miller, 171 App. Div. 229, 230, 17 Mills 30, 31, 157 N. Y. S. 360, 361 (1916). There, the settlor included the following provision in a codicil to the trust instrument—

"* * * to pay the whole of the net income arising therefrom either to my nephew, Oscar Clark Miller, or to his wife, Julia Miller * * *."

After the settlor died, Oscar and Julia were divorced. Thereupon Oscar sought the termination of income payments to Julia. The New York court held that Julia's rights did not depend on her status as Oscar's wife (171 App. Div. 232, 17 Mills 33, 157 N. Y. S. 363):

"* * * The words 'his wife,' used in the codicil preceding the words 'Julia Miller,' were words of description only, and there was no condition, express or implied, that she should remain his wife in order to be entitled to take such sum as the executors and trustees might decide to pay to her."

No decision reaching a contrary conclusion has been called to our attention where the divorced beneficiary was not the former spouse of the settlor or testator except the Buchanan case where the word "widow" was used.

Since there is nothing in the will to suggest an intent to exclude Margaret if she were not married to Donald at the time

---

[1] See, also, Annotation, 75 A. L. R. 2d 1413.

of his death, we hold as a matter of law that Margaret is entitled to take.

Reversed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

